UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD JACKSON, ROSLYN JACKSON and DEAN MELLOM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE ALIERA COMPANIES, INC., a Delaware corporation; ALIERA HEALTHCARE, INC., a Delaware corporation; TRINITY HEALTHSHARE, INC., a Delaware corporation,<br><br>Defendants. | NO. 2:19-cv-1281<br><br>**CLASS ACTION COMPLAINT** |

**I.  PARTIES**

1. Plaintiffs GERALD and ROSLYN JACKSON are citizens of Washington state and residents of Lynnwood, Washington in Snohomish County. Mr. and Mrs. Jackson were enrolled in Aliera Healthcare/Trinity Healthshare at all times relevant to this Complaint.

2. Plaintiff DEAN MELLOM is a citizen of Washington state and a resident of Stanwood, Washington in Snohomish County. Mr. Mellom was enrolled in Aliera Healthcare/Trinity Healthshare at all times relevant to this Complaint.

CLASS ACTION COMPLAINT – 1

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

3. Defendant THE ALIERA COMPANIES, INC. is a Delaware corporation headquartered in Atlanta, Georgia. Based on information and belief, it is the parent corporation of Aliera Healthcare, Inc.

4. Defendant ALIERA HEALTHCARE, INC. is a Delaware corporation headquartered in Atlanta, Georgia. It is incorporated as a for-profit business, without any express religious affiliation. Collectively, defendants The Aliera Companies, Inc. and Aliera Healthcare, Inc. are referred to as "Aliera."

5. Defendant TRINITY HEALTHSHARE, INC. ("Trinity") is a Delaware corporation headquartered in Atlanta, Georgia. Trinity was incorporated on or about June 27, 2018.

6. Trinity represents itself as a Health Care Sharing Ministry ("HCSM"), even though it has not been in existence continuously since December 31, 1999. *See* 26 U.S.C. § 5000A.

7. Aliera markets, sells, and administers insurance plans for Trinity and is solely responsible for the development of HCSM plan designs, pricing, marketing materials, vendor management, recruitment and maintenance of a sales force on behalf of Trinity.

8. Neither Aliera nor Trinity are authorized or licensed to provide any type of insurance plan in Washington state.

## II.  JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332(a) and § 1367 because there is diversity of citizenship and the amount in controversy related to the proposed class claims exceeds $75,000.

CLASS ACTION COMPLAINT – 2

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

10. Venue is proper because some of the acts or omissions occurred in the district and the named Plaintiffs and many of the proposed Plaintiff class members reside in the district.

### III.  NATURE OF THE CARE

11. Defendants unfairly and deceptively marketed, sold and administered unauthorized insurance plans to Washington residents without having obtained the required approval for insurance plan(s) from the Washington state Insurance Commissioner.

12. The unauthorized insurance plans marketed, sold, and administered by Defendants did not meet the minimum benefits, coverage and other requirements for health insurance in Washington state.  As a result, the insurance plans sold to Plaintiffs and class members were illegal contracts.

13. Defendants' representations that the insurance plans were HCSM plans was unfair and deceptive.  At no relevant time did the Defendants' plans meet the requirements for HCSMs.

14. Plaintiffs, on behalf of the class they seek to represent, filed this lawsuit to obtain declaratory and injunctive relief to prevent Defendants from continuing to market, sell and administer unauthorized and illegal health insurance plans in Washington state.  On behalf of the proposed class and on their own behalf, Plaintiffs also seek damages related to uncovered health care expenses, premiums paid and other losses due to Defendants' marketing, sale and administration of unauthorized health insurance plans.

CLASS ACTION COMPLAINT – 3

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

## IV. CLASS ALLEGATIONS

15. ***Definition of Class:*** Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this action on behalf of themselves and all persons similarly situated. The proposed Class is defined as follows:

> All Washington residents who purchased insurance plans from any of Defendants that purported to be "health care sharing ministry" plans at any time since June 27, 2018, where the plans were not approved or authorized for sale by the Washington Office of the Insurance Commissioner.

16. ***Size of the Class:*** The Plaintiffs' proposed class are so numerous that joinder of all members is impracticable. Aliera represents that it has 100,000 members nationwide and, based upon information and belief, thousands of those members were or are Washington state residents enrolled in the sham Trinity HCSM plan(s).

17. ***Common Questions of Fact and Law:*** There are questions of law and fact that are common to all class members including: (1) whether the healthcare products that the Defendants marketed, sold and administered to class members met the legal requirements of a HCSM under 26 U.S.C. §5000A; (2) whether Washington Insurance law and regulations forbid the marketing, sale and administration of health care products that engage in the "business of insurance" without authorization or other legal exception; (3) whether Defendants failed to obtain proper authorization for the marketing, sale and administration of an insurance product in Washington state; (4) whether class members are entitled to (a) rescission of the plan(s) and refund of all premiums paid and/or (b) reformation of the plans in compliance with the minimum insurance coverage requirements of Washington state, and processing of all claims for expenses and costs incurred that would have been covered had the plan(s) properly complied with Washington insurance law; (5) whether Defendants' actions were "unfair" and "deceptive" under the Washington Consumer Protection Act; and

CLASS ACTION COMPLAINT – 4

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

(6) whether class members are entitled to other damages, including statutory treble damages, resulting from defendants' unfair and deceptive acts.

18.  *Class Representatives:* The claims of the named Plaintiffs are typical of the claims of the proposed class as a whole resulting from Defendant's sale unauthorized insurance plan(s).  The named Plaintiffs will fairly represent and adequately protect the interests of the class members because each of them have been subjected to the same practices as other class members and suffered similar injuries.  The named Plaintiffs do not have interests antagonistic to those of other class members as to the issues in this lawsuit.

19.  *Separate Suits Would Create Risk of Varying Conduct Requirements*.  The prosecution of separate actions by class members against Aliera/Trinity would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct.  Certification is therefore proper under Fed. R. Civ. P. 23(b)(1).

20.  *Defendants Have Acted on Grounds Generally Applicable to the Class.* Defendants Aliera and Trinity have uniformly marketed, sold and administered unauthorized health insurance plans, misrepresenting the plans as HCSM plans. Defendants have acted on grounds generally applicable to the proposed class, rendering declaratory and injunctive relief appropriate respecting the whole class.  Certification is therefore proper under Fed. R. Civ. P. 23(b)(2).

21.  *Questions of Law and Fact Common to the Class Predominate Over Individual Issues.*  The claims of the individual class members are more efficiently adjudicated on a class-wide basis.  Any interest that individual members of the class may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism.  Upon information and belief, no class action

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

suit is presently filed or pending against Aliera/Trinity for the relief requested in this action. Issues as to Aliera's and Trinity's conduct in applying standard marketing, sales and administration practices towards all members of the class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper under Fed. R. Civ. P. 23(b)(3).

22. *Venue*. This action can be most efficiently prosecuted as a class action in the Western District of Washington, where Defendants do business and where Plaintiffs reside. The case is properly assigned to the Western District of Washington in Seattle because the claims of the named Plaintiffs arose in Snohomish County Washington where Plaintiffs reside.

23. *Class Counsel*. Named Plaintiffs have retained experienced and competent class counsel.

## V. FACTUAL BACKGROUND

24. During certain times on and after June 27, 2018, when Defendant Trinity was incorporated, Plaintiffs and members of the class have been, are or will be enrolled in healthcare products marketed, sold, and administered by Defendants that Defendants claimed were HCSM plans.

### *Aliera Created Trinity as a Sham Health Care Service Ministry to Avoid ACA and State Insurance Requirements*

25. Defendant Aliera Healthcare, Inc. was incorporated in the State of Delaware by Shelley Steele and her husband Timothy Moses and their son Chase Moses.

26. Its scope of business was "to engage in the business of providing all models of Health Care to the general public" and "to cultivate, generate or otherwise engage in the development of ideas or other businesses. To buy, own or acquire other businesses, to market and in any way improve the commercial application to the betterment and pecuniary gain of the corporation and its stockholders …"

CLASS ACTION COMPLAINT – 6

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

27. Aliera Healthcare, Inc. does not include any discussion of religious or ethical purpose or mission in its incorporation documents.

28. Aliera contracted with Unity Healthshare LLC ("Unity") from approximately February 1, 2017 to on or about August 10, 2018.

29. Unity was an LLC created and wholly owned by Anabaptist Health Share.

30. The Centers for Medicare and Medicaid Services ("CMS") provided a letter to Anabaptist Health Share that it met the requirements under 26 U.S.C. § 5000A to operate a HCSM. Specifically, CMS found that Anabaptist Health Share had been "in existence at all times since December 31, 1999 and medical expenses of its members have been shared continuously and without interruption since December 31, 1999."

31. The United States Department of Health and Human Services certified that Anabaptist Health Share was an HCSM.

32. The contract between Aliera and Unity allowed Aliera to offer health products to the public that did not meet the insurance benefit and coverage requirements required by the Affordable Care Act and/or state insurance mandates, pursuant to 26 U.S.C. § 5000A. In return, Aliera's customers would join the Unity HCSM, increasing members to the Anabaptist Health Share.

33. Under the contract, Aliera was to retain only $25 per member per month for its administrative services to Unity.

34. Under the contract, Aliera was responsible for maintaining and segregating the assets received that were reserved for payment of benefits to Unity members.

35. In 2018, Anabaptist Health Share learned that Aliera had not properly maintained assets reserved for payment of benefits and requested an accounting of the assets.

CLASS ACTION COMPLAINT – 7

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

36. On July 25, 2018, Anabaptist Health Share requested that Aliera turn over control of all Unity funds.

37. On August 10, 2018 Anabaptist Health Share and Unity terminated the agreement with Aliera.

38. Trinity was created by Aliera and its principals on or about June 27, 2018.

39. Trinity was created to be an alternative HCSM for Aliera to Unity.

40. The CEO of Trinity was a former Aliera employee, William Rip Theede, III.

41. Mr. Theede was also a close family friend of the Moses family and officiated at Chase Moses' wedding.

42. On or about August 13, 2018, Aliera signed an agreement with Trinity to provide marketing, sale and administration of HCSM plans.

43. According to the agreement, Trinity had no members in its HCSM at that time.

44. Aliera issued a notice to Unity members on November 15, 2018 to "announce" its new HCSM partner, Trinity.

45. A lawsuit between Aliera and Anabaptist Health Share/Unity was filed in Superior Court of Fulton County Georgia in late 2018. *See Aliera Healthcare v. Anabaptist Health Share et al.*, No. 2018-cv-308981 (Hon. Alice D. Bonner, Ga. Sup. Ct.).

46. As a result of the lawsuit, a court-ordered Receiver now monitors Aliera's administration of HCSM assets and benefits for Unity members. *See Appendix A*, Order Entering Interlocutory Injunction and Appointing Receiver dated April 25, 2019.

*Aliera/Trinity Market, Sell and Administer Sham HCSM Plans*

47. After Trinity was created, Aliera and Trinity marketed, sold and administered sham HCSM plans.

CLASS ACTION COMPLAINT – 8

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

48. Defendants recruited prospective agents to sell their sham HCSM plans, offering the opportunity to sell "the next generation of healthcare products" and suggesting that they can offer employers "a healthcare plan that saves money."

49. Their advertisement for prospective agents does not mention a religious or ethical component for purchasers of these plans.

50. The training materials for agents does not mention a religious motivation for agents-in-training nor for would-be purchasers of these plans.

51. While prospective agents must take a training assessment, the questions asked in the assessment do not address any religious or ethical motivation.

52. In a video posted to YouTube dated November 1, 2018, an unidentified Aliera trainer for new or prospective agents discussed the Aliera Healthcare Enrollment Process.

53. According to the video, in order to enroll in Aliera, the consumer must positively respond to a number of questions.

54. The first question asks if the consumer agrees with Trinity's "statement of faith:"

> **At the core of what the Healthcare Sharing Ministry does, and how they relate to and engage with one another as a community of people is a set of common beliefs**.
>
> 1. We believe that our personal rights and liberties originate from God and are bestowed on us by God.  2. We believe that every individual has a fundamental religious right to workshop God in his or her own way.  3. We believe it is our moral and ethical obligation to assist our fellow man when they are in need according to our available resources and opportunity.  4. We believe it is out spiritual duty to God and our ethical duty to others to maintain a healthy lifestyle and avoid foods, behaviors or habits that produce sickness or disease to ourselves or others.  5. We believe it is our fundamental right of conscience to direct our own healthcare,

CLASS ACTION COMPLAINT – 9

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

in consultation with physicians, family or other valued advisors.

- o Yes
- o No

55. The training explains what the "statement of faith" means:

> Just to give you a general overall synopsis of what it's saying … It basically is saying that you believe in a higher power. It doesn't necessarily have to be a Christian God, or a Buddhist God, or a Jewish God. It doesn't … it doesn't matter as long as we all believe that there is a higher power and we're all living our life that the best way that we possibly can. We're maintaining a healthy lifestyle. We're trying to avoid those types of foods, behaviors, habits - things that, you know, cause us illness that are in our control.
>
> As long as we're doing those types of things, we're all like-minded individuals. So if you feel that way, and you are a like-minded individual, that's all we're trying to find out. And, if you are, you're gonna say, "Yes," you believe in the five same statement of beliefs that we all do.

56. The same "statement of faith" is included in the Aliera Healthcare marketing brochure received by at least one of the named Plaintiffs. *See* **Appendix B.**

57. The "statement of faith" in the Aliera/Trinity marketing brochure and training materials is different from that in Trinity's own bylaws.

58. Under the agreement between Aliera and Trinity, Aliera has the contractual right to "agree upon" Trinity's statement of faith.

### *Washington Office of the Insurance Commissioner's Investigation of Aliera and Trinity*

59. The Washington Office of the Insurance Commissioner ("OIC") received more than a dozen consumer complaints about Aliera/Trinity in 2018-2019.

CLASS ACTION COMPLAINT – 10

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

60. It conducted a formal investigation in response to the complaints and concluded that Trinity did not meet the statutory definition of a HCSM under state and federal law. *See Appendix C.*

61. The OIC further concluded that Aliera acted as an unauthorized health care service contractor without being registered and was doing business as an unlicensed discount plan organization.

62. The OIC also found that Aliera's advertisements on behalf of Trinity were deceptive and had the capacity to mislead or deceive consumers into believing that they purchased insurance.

63. On May 13, 2019, the OIC issued "Orders to Cease and Desist" to Aliera and Trinity. *See Appendices D and E.*

*Plaintiffs Were Sold Sham Products by Aliera/Trinity*
*That Did Not Provide the Benefits Promised*

64. Plaintiff Dean Mellom enrolled in AlieraCare in January 1, 2018, while Aliera partnered with Unity.

65. His plan through Aliera/Unity was transferred to Aliera/Trinity in October 1, 2018.

66. His monthly premium payments were approximately $473.88 per month. *See Appendix F.*

67. Mr. Mellom received what he believed was an insurance card from Aliera/Trinity. *See Appendix G.* The insurance card stated that AlieraCare Trinity was a "Health Care Sharing Ministry *recognized pursuant to 26 U.S.C. § 5000A(d)(2)(B)*" even though Trinity was not certified or "recognized" by any government agency as an HCSM.

CLASS ACTION COMPLAINT – 11

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

68.  Mr. Mellom's claims for coverage of various health procedures, including surgery, were denied due to a 24-month waiting period.  Had AlieraCare Trinity complied with Washington law, it could not impose a 24-month waiting period.

69.  Mr. Mellom has been forced to pay, out-of-pocket, for services he understood would be covered by AlieraCare Trinity.  He continues to be pursued for these debts.

70.  Plaintiffs Gerald and Roslyn Jackson enrolled in AlieraCare with Trinity on January 1, 2019.

71.  The Jacksons paid a monthly premium of $1,205.77 to AlieraCare.

72.  They received an insurance card that stated that AlieraCare was a "Health Care Sharing Ministry *recognized pursuant to 26 U.S.C. § 5000A(d)(2)(B)*" even though neither AlieraCare or Trinity Care were certified or "recognized" by any government agency as an HCSM.  *See **Appendix H.***

73.  Mrs. Jackson requires a monthly infusion to treat her arthritis, and is followed by the Seattle Arthritis Clinic at Northwest Hospital and Medical Center, UW Medicine.

74.  When UW Medicine submitted its claims for Mrs. Jackson's March 2019 infusion and other treatment, all of the claims were denied in full.

75.  The Jacksons have been forced to pay, out-of-pocket, for services that would have been covered by AlieraCare had it complied with Washington law.  They continue to be pursued for these debts.

## VI.  CLAIMS FOR RELIEF

**A.   Illegal Contract**

76.  Plaintiffs reallege all prior allegations as though fully stated herein.

CLASS ACTION COMPLAINT – 12

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

77. Defendants sold Plaintiffs and all members of the proposed class unauthorized health insurance plan(s) in violation of Washington law. Plaintiffs and all members of the proposed class are entitled to either (a) rescission of the illegal contract(s) and return of the insurance premiums paid; or (b) reformation of the illegal contract(s) to comply with the mandatory minimum benefits and coverage required under Washington law.

**B.  Violation of the Washington Consumer Protection Act**

78. Plaintiffs reallege all prior allegations as though fully stated herein.

79. Defendants' marketing, sale and administration of unauthorized health insurance plan(s) to class members constitutes unfair and deceptive acts under the Washington Consumer Protection Act. Under the Act, Plaintiffs and members of the proposed class are entitled to damages, injunctive relief, statutory treble damages (up to $25,000 for each violation) and attorneys' fees and costs.

### VII.  PRAYER FOR RELIEF

80. WHEREFORE, Plaintiffs request that this Court:

(a) Certify that this action may proceed as a class action as defined in ¶15 above;

(b) Designate Mr. and Mrs. Jackson and Mr. Mellom as class representatives and designate Michael David Myers, Myers & Company, PLLC, and Richard E. Spoonemore and Eleanor Hamburger, Sirianni Youtz Spoonemore Hamburger PLLC, as class counsel;

(c) Declare that Defendants' unauthorized health insurance plans were and are illegal contracts;

(d) Declare that Defendants' actions as alleged herein towards the members of the class violate the Washington Consumer Protection Act;

CLASS ACTION COMPLAINT – 13

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

(e) Order Defendants to (a) rescind the unauthorized health insurance plans and refund all premiums improperly received from members of the proposed class, including interest; or, at the option of any class member (b) reform the unauthorized health insurance plans to comply with the minimum mandatory benefits required under the relevant state insurance code, permit class members to submit claims for medical services, costs and other expenses that would have been covered;

(f) Order payment of all other expenses causally related to Defendants' unfair and deceptive acts;

(g) Order treble damages up to $25,000 for each CPA violation;

(h) Order payment of reasonable attorneys' fees; and

(i) Grant such other relief as this Court may deem just, equitable and proper.

DATED:  August 14, 2019.

| | |
|---|---|
| SIRIANNI YOUTZ<br>SPOONEMORE HAMBURGER PLLC | MYERS & COMPANY, PLLC |
|    *s/ Richard E. Spoonemore*<br>Richard E. Spoonemore (WSBA #21833)<br><br>   *s/ Eleanor Hamburger*<br>Eleanor Hamburger (WSBA # 26478)<br>3101 Western Avenue, Suite 350<br>Seattle, WA 98121<br>Tel. (206) 223-0303; Fax (206) 223-0246<br>Email:  rspoonemore@sylaw.com<br>         ehamburger@sylaw.com |    *s/ Michael David Myers*<br>Michael David Myers (WSBA #22486)<br>1530 Eastlake Avenue East<br>Seattle, WA 98102<br>Tel. (206) 398-1188; Fax (206) 400-1115<br>Email:  mmyers@myers-company.com |

Attorneys for Plaintiffs

CLASS ACTION COMPLAINT – 14

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246