UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERALD JACKSON, ROSLYN
JACKSON and DEAN MELLOM,
Individually and on behalf of all others
Similarly situated,

        *Plaintiffs,*

     v.

THE ALIERA COMPANIES, INC., a
Delaware corporation; ALIERA
HEALTHCARE, INC., a Delaware
Corporation; TRINITY HEALTHSHARE,
INC., a Delaware corporation,

        *Defendants,*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:19-cv-01281-BJR

ORDER GRANTING PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND
AMENDED COMPLAINT

## I.     INTRODUCTION

Plaintiffs Gerald Jackson, Roslyn Jackson, and Dean Mellom ("Plaintiffs") bring this putative class action suit against Defendants Aliera Companies, Inc., including its now-defunct subsidiary Aliera Healthcare, Inc. (collectively "Aliera"), and Trinity HealthShare, Inc. ("Trinity"). *See* First Am. Compl. ("FAC"), Dkt. No. 16. Plaintiffs allege that Defendants sold them unauthorized health insurance plans ("AlieraCare") in violation of Washington law; and engaged in unfair and deceptive practices in violation of the Washington Consumer Protection Act, RCW 19.86.010 *et seq.* *See* FAC at ¶¶ 17–19; 103; 105.

1

Currently before the Court is Plaintiffs' motion for leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 15.  *See* Pls.' Second Mot. to Am. Compl., Dkt. No. 40.  Defendants jointly oppose the motion.  *See* Defs.' Consolidated Resp., Dkt. No. 43.  Defendants urge this Court to deny Plaintiffs' motion on several grounds.  First, they point out that the Court-imposed deadline to amend pleadings has expired.  *Id.* at ¶ 1.  Therefore, Defendants argue, Plaintiffs must seek relief from this Court's scheduling order by bringing their motion pursuant to FRCP 16, not FRCP 15.  *Id.* at 1–2.  Defendants claim that this, alone, is a sufficient basis upon which this Court can deny the motion.  *Id.*  Next, Defendants argue that even if this Court interprets Plaintiffs' motion as a FRCP 16 motion, Plaintiffs fail to meet the standard for relief under FRCP 16.  *Id.*  Lastly, Defendants contend that if this Court concludes that FRCP 15 is the applicable rule, Plaintiffs cannot satisfy the standard for FRCP 15.  *Id.*

The Court heard arguments on June 9, 2020 and orally granted Plaintiffs' motion.  Dkt. Nos. 56, 60.  The following is the basis for the Court's decision.

## II.     BACKGROUND

This matter has a long factual history, most of which is not relevant to the current motions and will not be restated here.[1]  It is sufficient to state that Plaintiffs enrolled in Trinity's AlieraCare plans in 2018 and 2019.  *See* FAC at ¶¶ 86; 95.  They filed this suit, on behalf of themselves and the putative class, alleging that Defendants Aliera and Trinity sold them unauthorized health insurance plans in violation of Washington law.  *Id.* at ¶¶ 17–19; 103; 105.  These plans, sold and administered by Aliera, provided members with benefits for medical coverage in exchange for their monthly premiums.  *Id.* at ¶ 15.  Plaintiffs, all of whom paid their monthly premiums and met their standard deductibles, expected that Trinity would pay their medical claims covered by their

---

[1] For a complete recitation of the procedural and factual background of this case, *see* Court's Order Den. Defs.' Mots. to Dismiss at 2–5, Dkt. No. 47.

plans as detailed by the AlieraCare benefits booklet ("Member Guide").  *Id.* at ¶¶ 31; 93–94; 99–10; *see* Member Guide, Ex. B to FAC, Dkt. No. 16-2.  However, Plaintiffs were each denied healthcare coverage under AlieraCare after submitting their individual claims to Trinity.  *Id.*

With the instant motion, Plaintiffs seek to join Jon and Julie Perrin as named plaintiffs in this lawsuit.  *See generally,* Pls.' Second Mot. to Am. Compl.  The Perrins were members of AlieraCare from January 2019 until December 2019.  *Id.*  Throughout 2019, they submitted several healthcare-related claims to Defendants for coverage on various medical services that they received in that year.  *Id.* at 4.  When the Perrins discovered that Defendants had not paid their healthcare claims, they contacted Defendants several times to resolve the claims through the alternative dispute resolution procedures set forth in the Member Guide.  *Id.*  Despite the Perrins' attempts, Defendants continued to further delay payment of the Perrins' claims, stating that the claims had to be reprocessed.  *Id.*  On October 23, 2019, the Perrins finally appealed their claim determinations using the appeals process listed in the Member Guide.  *Id.* at 5.  The Perrins did not receive a response to their October appeal from Defendants for over 90 days, finally receiving a response on February 4, 2020.  *Id.*

### III.   DISCUSSION

The first issue is whether Plaintiffs submitted their request to amend their complaint and join additional parties under the correct Federal Rule of Civil Procedure.

The Court's deadline for joining additional parties was November 20, 2019, and the deadline for filing amended pleadings was December 2, 2019.  *See* Court's Case Management Schedule, Dkt. No. 18.  This Court entered these deadlines in a Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b) on October 23, 2019.  *Id.*  It is well-settled law that once  a district court enters a case management order, Rule 16's standards control.  *See Johnson v.*

1   *Mammoth Recreations, Inc*., 975 F.2d 604, 608 (9th Cir. 1992); FED. R. CIV. P. 16.  Rule 16

2   provides that a court's case management order "shall not be modified expect by leave of … [the

3   district court] upon showing of good cause."  FED. R. CIV. P. 16(b).

4         Plaintiffs' motion, filed April 20, 2020, came after this Court's case management deadlines

5   for joining additional parties and filing amended pleadings.  *See* Court's Case Management

6   Schedule.  Thus, Plaintiffs' ability to amend their complaint and add the Perrins as additional

7   plaintiffs is governed by Rule 16.  *See Johnson*, 975 F.2d at 608.  Defendants are correct that

8   Plaintiffs do not explicitly request that the Court modify its current pretrial scheduling order.

9   Instead, Plaintiffs only seek to amend their complaint and join two additional plaintiffs.  However,

10   the Ninth Circuit has previously held that a district court may treat a motion to amend the pleadings

11   as an implicit motion to amend the case schedule.  *See Johnson*, 975 F.2d. at 608–609.  The Ninth

12   Circuit has further instructed that if a court treats a motion to amend the pleadings as an implicit

13   motion to amend the case schedule, then the court must first determine if the movant has

14   demonstrated  "good cause" under Rule 16.  *Id*.  If the movant satisfies this requirement, then the

15   court must next determine whether allowing the amendment is proper under Rule 15.  *Id*.  Rule 16

16         The Court now turns to the question of whether Plaintiffs have shown "good cause" under

17   Rule 16.  Fed.R.Civ.P. 16(b) states that a district court's pretrial schedule may only be modified

18   "for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4).  "The 'good cause'

19   standard requires a showing that, even acting diligently, the plaintiff could not have met the

20   deadlines in the scheduling order."  *RRW Legacy Mgmt. Grp., Inc. v. Walker*, No. C14-326 (W.D.

21   Wash. Sep. 30, 2014) (quoting *Johnson,* 975 F.2d at 609).  "If . . . [the deadline] cannot reasonably

22   be met despite the diligence of the party seeking the extension", then the Court may modify the

23   pretrial schedule.  Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment).

24

1    Defendants argue that Plaintiffs and the Perrins have not acted diligently to meet this

2    Court's the deadlines for amending their complaint and joining additional parties.  *See* Defs.'

3    Consolidated Resp. at 6.

4    The Court disagrees with Defendants and instead concludes that Plaintiffs have good cause

5    for missing the Court-imposed deadlines.  First, Plaintiffs' counsel demonstrates that they could

6    not have requested to add the Perrins as named plaintiffs any earlier than they did because the

7    Perrins did not contact Plaintiffs' counsel until January 24, 2020, long after the Court's deadlines

8    for amending pleadings and joining additional plaintiffs.  Next, Plaintiffs' counsel demonstrates

9    that Defendants delayed Plaintiffs' ability to obtain information regarding the Perrins, and said

10   information was necessary to file the instant motion.  For instance, Plaintiffs served their initial

11   discovery requests on Defendants on February 4, 2020, *see* Hamburger Decl., ¶ 5, and

12   supplemented their request on February 11, 2020, sending a HIPAA-compliant authorization for

13   release of information to Defendants' counsel, *id*.  Defendants did not respond with any documents

14   relating to the Perrins until April 10, 2020, more than two months after Plaintiffs' initial request.

15   *Id*. at ¶ 7.  Lastly, Defendants did not disclose to the Perrins that they had exhausted only the first

16   level administrative appeal until March 19, 2020.  *See* Pls. Motion to Amend., at 5.  By delaying

17   the disclosure of this information, Defendants impeded Plaintiffs from knowing whether their

18   request to amend their complaint and add the Perrins was moot.  Therefore, the Court finds that

19   Plaintiffs have demonstrated "good cause" under Rule 16's standard for allowing them to amend

20   their complaint and add the Perrins outside of the Court's original scheduling order.

21   A.  *Rule 15*

22   Having determined that Plaintiffs have demonstrated "good cause" to modify the Court-

23   imposed scheduling order, the Court now turns to the question of whether Plaintiffs have

24

5

demonstrated that amendment is proper under Rule 15.  *See* FED. R. CIV. P. 15(a); *see also*

*Johnson*, 975 F.2d at 608–609 (stating that after a district court finds that a party has shown "good

cause" for amendment under Rule 16(b), then the party must then demonstrate that amendment

was proper under Rule 15).  Rule 15 provides that a party may amend its complaint with leave of

the court, which should freely be given when justice so requires.  *See* FED. R. CIV. P. 15(a)(2).

When considering a motion for leave to amend, a court must consider the following five factors:

(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment;

and (5) whether there has been a prior amendment.  *See Nunez v. Ashcroft*, 375 F.3d 805, 808 (9th

Cir. 2004).  In conducting this five-factor analysis, the court must grant all inferences in favor of

allowing amendment.  *See Griggs v. Pace Am. Group Inc*., 170 F.3d 877, 880 (9th Cir. 1999).  The

Court will analyze each of these factors in turn.

Defendants claim the proposed amendment is unduly prejudicial, futile, and would cause

undue delay.  *See* Defs.' Consolidated Resp. at 7–9.  Plaintiffs disagree.  *See* Pls. Motion to

Amend., at 6–8.  The Court will address each of these arguments.

i. Undue Delay and Unfairly Prejudice

Defendants argue that allowing Plaintiffs' motion will cause unduly delay in this matter

and therefore granting the motion will be prejudicial to Defendants.  A district court may deny a

motion for leave to amend if permitting an amendment would cause an undue delay in the

litigation.  *See Zivkovic v. S. California Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing

*Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990)).  Although delay is not a

dispositive factor, it is relevant, especially if no reason is given for the delay.  *See Lockheed Martin*

*Corp. v. Network Sols., Inc*., 194 F.3d 980, 986 (9th Cir. 1999) (citing *Morongo Band of Mission*

*Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990); *Swanson v. United States Forest Serv*., 87

F.3d 339, 345 (9th Cir. 1996)).

Plaintiffs' motion is clearly late as it was filed several months after the deadline for amending pleadings and joining additional parties. However, Defendants present no evidence that allowing Plaintiffs to amend their pleadings will unduly delay these proceedings. On the other hand, Plaintiff provide evidence that it is Defendants' actions that delayed Plaintiffs' ability to bring this motion by delaying the production of documents related to the Perrins as discussed *supra*. Once Plaintiffs' counsel received the produced documents relating to the Perrins, they attempted to promptly confer with Defendants' counsel about amendment and then brought this motion expeditiously, on the same day.

"The party opposing the amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Defendants argue that they "will be prejudiced by Plaintiffs' new complaint and new party[,]" alleging that counsel will be required to file "new motions addressing the new complaint if Plaintiffs' motion is granted, which will delay adjudicating Defendants' motions to dismiss even longer." Defs.' Consolidated Resp. at 6, ¶ 4.

The Court notes that Plaintiffs' proposed amendments plead the same claims and the same remedies as their First Amended Complaint. Next, little discovery has been conducted to date—largely due to Defendants' actions—thus adding the Perrins will not require that prior discovery efforts be repeated. Moreover, most if not all of the limited discovery that has been to date is equally relevant to the Perrins.[2] Thus, the Court finds that Defendants have failed to demonstrate

---

[2] Nor is the Court persuaded by Defendants' claim that Plaintiffs should be barred from amending the complaint because Plaintiffs seek to attach to the complaint "state agency consent decrees", "other orders issued without a hearing", and "website statements of state agencies". Defs.' Consolidated Resp. at 8, ¶ 1. Defendants argue that Plaintiffs' proposed amendment "is nothing more than an improper attempt to reference unduly prejudicial evidence in the Complaint that can never be admitted at trial." *Id*. The Court finds this argument unavailing. The consent decrees and other documents simply supplement existing claims in the initial complaint and provide factual support to allegations already made.

1    that allowing the amendment would unduly delay these proceedings and be unfairly prejudicial to

2    Defendants.[3]

3              ii.   <u>Futility</u>

4              An amendment is futile when "no set of facts can be proved under the amendment to the

5    pleadings that would constitute a valid and sufficient claim or defense."  *Missouri ex rel. Koster*

6    *v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209,

7    214 (9th Cir. 1988)).

8              Defendants argue Plaintiffs' proposed amendment is futile because "the Perrins have never

9    gone beyond the first tier of the binding dispute resolution process."  Defs.' Consolidated Resp. at

10   7, ¶ 4.  However, this Court has already determined that if the allegations set forth in the operative

11   complaint are proven true, Plaintiffs will not be required to submit to the dispute resolution

12   procedures as set forth in the Member Guide because they are unenforceable under Washington

13   health insurance law.  Nothing in the proposed amendment charges this conclusion.

14             The Court finds that Plaintiffs have shown "good cause" for their amendment under Rule

15   16(b); and have demonstrated that their amendment is proper under Rule 15.

16                          **IV.    CONCLUSION**

17             For the foregoing reasons, the Court hereby GRANTS Plaintiffs' motion to for leave to file

18   a second amended complaint.

19
     DATED this 7th day of July, 2020.
20

21                                              BARBARA J. ROTHSTEIN
                                                UNITED STATES DISTRICT JUDGE
22

23   [3] During the motions hearing on June 9, 2020, counsel for Defendant Aliera noted that Plaintiffs have failed to file
     their class certification within 180 days of filing their complaint, as required by the local rules.  Given Defendants'
     previously pending motions to dismiss and the question of binding arbitration, the Court finds valid reasons for
24   extending this deadline.  *See* Transcript of June 9, 2020 Motions Hearing at 20:6–9, Dkt. No. 60.

8