UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACKSON, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>THE ALIERA COMPANIES, INC., *et al*.<br><br>Defendants. | Case No.: 19-cv-01281-BJR<br><br>ORDER STRIKING AS MOOT MOTION TO STAY PROCEEDINGS PENDING APPEAL, VACATING JULY 20, 2020 ORDER DENYING MOTION TO COMPEL ARBITRATION, AND GRANTING MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS |

## I. INTRODUCTION

Plaintiffs bring this putative class action suit against Defendants Aliera Companies, Inc., its now-defunct subsidiary Aliera Healthcare, Inc. (collectively "Aliera"), and Trinity HealthShare, Inc. ("Trinity"). Plaintiffs allege that Defendants sold unauthorized health insurance plans in violation of Washington law and engaged in unfair and deceptive practices in violation of the Washington Consumer Protection Act, RCW 19.86.010 *et seq*. Currently before the Court are Aliera's and Trinity's motions to stay proceedings pending appeal of this Court's order denying Defendants' motion to compel arbitration. Dkt. Nos. 101 and 103. Plaintiffs oppose the motion. Dkt. No. 116.

1

## II. BACKGROUND

### A. Factual Background

Defendant Trinity offers a healthcare cost sharing plan known as "AlieraCare" and Defendant Aliera markets, sells, and administers AlieraCare in Washington State on behalf of Trinity. *See* Dkt. 57, Second Amend. Comp. ("SAC"). According to Plaintiffs, Trinity is a health insurance company and AlieraCare is a health insurance plan, and therefore subject to federal and state laws governing health insurance. *See id.* Defendants counter that Trinity is not an insurance company and does not provide health insurance. *See* Dkt. Nos. 62, 63, Defs.' Answers to Pls.' SAC. Instead, Defendants assert that Trinity qualifies as a healthcare sharing ministry ("HCSM") under the Affordable Care Act ("ACA") that facilitates the sharing of healthcare expenses among its members. Regardless, the parties agree that AlieraCare provides members with benefits for medical coverage in exchange for their monthly premiums.

Plaintiffs enrolled in AlieraCare in 2018 and 2019. Dkt. No. 57 Plaintiffs, all of whom paid their monthly premiums and met their standard deductibles, expected that Trinity would pay their medical claims as detailed by the AlieraCare benefits booklet ("Member Guide"), which the parties agree is a binding contract. *See* Member Guide, Dkt. No. 57, Ex. B. However, each Plaintiff was denied healthcare coverage after submitting their claims to Trinity. Dkt. No. 57

### B. Procedural History

Plaintiffs Gerald Jackson, Roslyn Jackson, and Dean Mellom ("the Original Plaintiffs") initiated this lawsuit in August 2019. Dkt. No. 1. The complaint, later amended in October 2019 ("the First Amended Complaint"), has two counts: Count I "Illegal Contract" and Count II violation of the Washington Consumer Protection Act. *Id.* at 12-13. The First Amended

Complaint was amended in June 2020. Dkt. Nos. 57, 67. It asserts the same two counts but adds Plaintiffs Jon and Julie Perrin ("the Perrins") as named plaintiffs to the lawsuit. Dkt. No. 57.

### 1.     Defendants' Motions to Dismiss the First Amended Complaint

In November 2019 and before the Perrins were added to the lawsuit, Defendants moved to dismiss the First Amended Complaint. Dkt. Nos. 21, 23. Both Defendants argued that the claims raised in the First Amended Complaint were premature and not yet subject to review by a tribunal because the Original Plaintiffs had not exhausted the dispute resolution procedures outlined in the Member Guide. Dkt. Nos. 21, 23. Defendants urged this Court to dismiss the First Amended Complaint in its entirety; they did not, however, seek dismissal with prejudice on this basis.

Aliera also moved to dismiss Count I of the First Amendment Complaint pursuant to Federal Rule 12(b)(6) for failure to state a claim on which relief can be granted. Dkt. No. 23 at 2. It is important to note that Aliera did not seek to dismiss Count I with prejudice. Trinity moved to dismiss both Counts I & II—with prejudice—as preempted by federal agency action. Dkt. No. 21 at 2. Specifically, Trinity argued that the claims in the First Amended Complaint depended on a finding that Trinity is not a HCSM under the ACA. According to Trinity, the Internal Revenue Service ("IRS") has already determined that Trinity is an HCSM and, as such, the claims were preempted by the IRS's conclusion. Dkt. No. 21 at 2.

### 2.     Order Denying the Motions to Dismiss

The Court denied Defendants' motions to dismiss on May 26, 2020. Dkt. No. 47. In doing so, the Court reached the following conclusions. With respect to Defendants' argument that Counts I & II should be dismissed as premature because the Original Plaintiffs had not exhausted the dispute resolution procedures outlined in the Member Guide, this Court

determined that the First Amended Complaint contained sufficient factual matter, accepted as true, to plausibly allege that AlieraCare is a health insurance policy governed by Washington State law. Dkt. No. 47 at 8. This Court further determined that the First Amended Complaint also plausibly alleged that the dispute resolution procedures outlined in the Member Guide are void under Washington insurance law and, if such allegations were proven true, the Original Plaintiffs did not have to exhaust the procedures before filing their lawsuit. *Id.* at 12. Thus, the Court denied Defendants' motions to dismiss the First Amended Complaint on the basis that Counts I & II were prematurely filed.

Next, with respect to Trinity's contention that Counts I & II were preempted by federal agency action because the IRS has allegedly determined that Trinity is a HCSM, the Court once again concluded that the First Amended Complaint contained sufficient factual matter that accepted as true, plausibly alleged that Trinity does not qualify as a HCSM. *Id.* at 8. Thus, Counts I & II survived Trinity's motion to dismiss based on federal preemption.[1]

### 3. Defendants' motions to compel arbitration

Less than two weeks after this Court issued the order denying Defendants' motions to dismiss, Trinity and Aliera jointly moved to compel arbitration and stay proceedings pending completion of arbitration. Dkt. No. 52. Defendants argued that they had not moved to compel the matter to arbitration earlier because the Original Plaintiffs had not yet completed all stages of the dispute resolution procedures. Dkt. No. 52 at 2. According to Defendants, those procedures required the parties to complete several steps before the matter could be referred to binding arbitration. *Id.* However, Defendants argued, because the Court determined that the complaint sufficiently alleged allegations, that if proven true, would mean the dispute resolution procedures

---

[1] The Court did not directly address Aliera's argument that Count I was not sufficiently pled to raise the right to relief on this claim above the speculative level, but implicitly denied Aliera's motion as to this issue.

4

are invalid under Washington law and therefore the Original Plaintiffs did not have to exhaust those procedures before filing the lawsuit, the issue of arbitration was now ripe. *Id.* at 3.

After the motion was fully briefed, but before the Court decided the issue, the Original Plaintiffs filed the Second Amended Complaint in which they added the Perrins as named plaintiffs. Dkt. No. 57. In response, Defendants filed a motion to compel the Perrins to arbitrate their claims as well. Dkt. No. 61. On July 20, 2020, the Court denied Defendants' motion to compel the Original Plaintiffs to arbitrate their claims, determining that Defendants waived their right to arbitrate those claims. Dkt. No. 90. On August 18, 2020, the Court granted Defendants' motion to compel the Perrins to arbitrate their claims and stayed the proceedings as to the Perrins' claims only. Dkt. No. 105.

**4.     Defendants' motions to stay proceedings pending appeal**

On August 17, 2020, Defendants filed notices of appeal to the Ninth Circuit regarding the July 20, 2020 order denying Defendants' motion to compel the Original Plaintiffs to arbitrate their claims. Dkt. Nos. 102, 104. That same day Defendants filed the instant motions to stay proceedings in this case pending the Ninth Circuit's resolution of their appeals, which Plaintiffs oppose. Dkt. Nos. 101, 103, and 116.

## III.     DISCUSSION

The Federal Arbitration Act ("FAA") permits interlocutory appeal from the denial of a motion to compel arbitration. 9 U.S.C. § 16; *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1153 (9th Cir. 2004) (noting that the FAA generally "promotes appeals from orders barring arbitration and limits appeals from orders directing arbitration"). An appeal does not trigger an automatic stay of the lower court proceedings; rather, staying the proceedings is a matter of judicial discretion for the lower court. *Nken v. Holder*, 556 U.S. 418, 433 (2009);

*Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). In the Ninth Circuit, courts consider four factors in exercising this discretion: (1) whether the applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the moving party will be irreparably injured absent a stay; (3) whether a stay will substantially injure the opposing party; and (4) whether the public interest favors a stay. *See Britton*, 916 F.2d at 1412. "The first two factors ... are the most critical." *Nken*, 557 U.S. at 434.

The Court having reviewed the parties' arguments regarding Defendants' likelihood of success on the merits of their appeal, has determined that revisiting the issue of whether Defendants waived their right to arbitration is warranted, and does so here.

### A.  Whether Defendants Waived Their Right to Compel Arbitration

"Waiver of a contractual right to arbitration is not favored" and any waiver assessment must be "conducted in light of the strong federal policy favoring enforcement of arbitration agreements." *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 694 (1986). Doubt regarding whether a party has waived the right to arbitration must be construed in favor of arbitration. *See Moses H. Cone Mem'l Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983). To this end, the "party arguing waiver of arbitration bears a heavy burden of proof." *Fisher*, 791 F.2d at 964 (quoting *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982).

A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistently with that existing right; and (3) prejudice to the party opposing arbitration resulting from the inconsistent acts. *Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 940 (9th Cir. 2019); *see also Shinto Shipping Co., Ltd. v. Fibrex & Shipping Co.*, 572 F.2d 1328, 1330 (9th Cir. 1978) (the court "must be convinced not

only that the appellee acted inconsistently with that arbitration right, but that the appellant was prejudiced by this action before we can find a waiver").

Defendants focus their criticism of the Court's decision to deny their motion to compel on the second and third elements of waiver. Therefore, the Court will do so as well.

### 1. Whether Defendants Acted Inconsistently with the Right to Arbitrate

A party acts inconsistently with the right to arbitrate when it "(1) makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court." *Newirth*, 931 F.3d at 941 (quoting *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016)). The Ninth Circuit has further clarified that "[s]eeking a decision on the merits of a key issue in a case indicates an intentional and strategic decision to take advantage of the judicial forum." *Id.* Thus, the Ninth Circuit has ruled that a defendant waived the right to arbitration when it intentionally refrained from filing a motion to compel arbitration because it did not want to sever the arbitrable and non-arbitrable claims, and litigated the arbitrable claims for two years in federal court. *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 756, 759 (9th Cir. 1988). Likewise, the Ninth Circuit has ruled that defendants waived their right to arbitration when they spent seventeen months litigating their case in federal court, including filing a motion to dismiss on a key merits issue. *Martin*, 829 F.3d at 1126-28.

On the other hand, when a party's actions do not "evince an intentional decision to forgo arbitration in favor of a judicial forum" the Ninth Circuit has not found waiver. Thus, in *Britton v. Co-Op Banking Group*, the Ninth Circuit ruled that the defendant did not waive his right to arbitration even though he sought a court-appointed attorney and *in forma pauperis* status and failed to raise as an affirmative defense his right to arbitrate. 916 F.2d 1405, 1413-14 (9th Cir.

7

1990). The Ninth Circuit concluded that such actions combined with defendant's resistance to discovery "reflected only a 'determination to avoid or frustrate the litigation' rather than a strategic decision to 'active[ly] litigat[e],' i.e., to forgo the right to compel arbitration and take advantage of a judicial forum." *Newirth*, 931 F.3d at 941 (quoting *Britton*, 916 F.2d at 1413).

Similarly, the Ninth Circuit has clarified that "filing a motion to dismiss that does not address the merits of the case is not sufficient to constitute an inconsistent act" that indicates a decision to take advantage of the judicial system. *Id*. at 941-42. (quoting *Martin*, 829 F.3d at 1125). "Thus, moving to dismiss a complaint without prejudice or moving to dismiss an action on jurisdictional or res judicata grounds is not inconsistent with a known right to compel arbitration because such motions do not seek a judicial determination on the merits." *Id.* at 942 n. 10; *see also*, *United Computer Sys., Inc. v. AT &T Corp*., 298 F.3d 756, 765 (9th Cir. 2002) (holding that defendant did not waive arbitration by bringing a motion to dismiss based on res judicata); *Lake Commc'ns, Inc. v. ICC Corp*, 738 F.2d 1473, 1476-77 (9th Cir. 1984) *overruled on other grounds by Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) (holding that defendant did not act inconsistently with right to arbitrate by filing a motion to dismiss for lack of personal jurisdiction, in which it alluded to its right to arbitrate and its intention to rely upon the right).

In denying Defendants' motion to compel, this Court placed significant emphasis on the fact that each Defendant had previously moved to dismiss this case "on the merits of several key issues." Dkt. No. 90 at 8 (stating that Defendants sought a determination on "Trinity's status as an insurer"); 9 (stating Defendants "sought a determination from this Court" regarding the validity and applicability of the dispute resolution procedures); 10 (noting that the motions to dismiss "require[ed] the Court to rule on the merits of a dispositive issue"). Thus, this Court

concluded that Defendants waived their right to arbitration because, in seeking this Court's determination on the merits of several key issues, each had made the strategic decision to forego arbitration and take advantage of this judicial forum. The Court now reconsiders this position and reviews each Defendant's motion to dismiss separately.

### a. Whether Aliera sought a judicial determination on the merits when it moved to dismiss the First Amended Complaint

As stated above, Aliera moved to dismiss the First Amended Complaint on two grounds. First, it moved to dismiss Counts I & II (*i.e.* the complaint in its entirety), arguing that the Original Plaintiffs filed the lawsuit prematurely because the parties had not yet exhausted the alternative dispute resolution procedures set forth in the AlieraCare Member Guide. Second and alternatively, it moved to dismiss Count I "Illegal Contract" as containing only "[c]onclusory allegations of law and unwarranted inferences" that are "insufficient to avoid a Rule 12(b)(6) dismissal." Dkt. No. 23 at 2. Aliera did not request dismissal with prejudice on either ground.

The Court will address the easier issue first—whether Aliera moved to dismiss Count I on the merits. The Court concludes it did not. The motion to dismiss Count I did not require the Court to reach a legal conclusion to resolve the issue; it simply required the Court to assess whether Count I was pled with sufficiently defined allegations that lifted the "Illegal Contract" claim "above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The fact that Aliera did not seek to dismiss Count I on the merits is further substantiated by the fact that it did not seek dismissal with prejudice. Thus, this Court concludes that Aliera did not seek to dismiss Count I on the merits and, as such, Aliera did not act inconsistently with its right to compel arbitration when it moved to dismiss Count I. *See Newirth*, 931 F.2d at 942 n. 10 (holding that moving to dismiss a complaint without prejudice does not seek a judicial

determination on the merits and therefore does not constitute an act that is inconsistent with the right to arbitrate).

Next the Court addresses whether Aliera sought a judicial determination on the merits when it moved to dismiss both Counts I & II (*i.e.* the First Amended Complaint in its entirety), arguing that the Original Plaintiffs had filed the claims prematurely. As stated earlier, the parties agree that AlieraCare's Member Guide constitutes a contract between the parties. The parties further agree that the Member Guide, which defines the obligations of each party, includes a mandatory, multi-tiered "Dispute Resolution and Appeal" process that the parties were expected to complete in the event of a dispute. Aliera moved to dismiss the First Amended Complaint as filed prematurely because the Original Plaintiffs had "not exhausted the steps in the dispute resolution procedure to which they agreed" before filing the lawsuit, noting that "Washington courts have long required parties to follow dispute resolving methods they have contracted to before they may resort to the courts." Dkt. No. 23 at 5 (emphasis omitted) (quoting *Yaw v. Walla Walla Sch. Dist. No. 140*, 106 Wash. 2d 408, 411 (1986). The Original Plaintiffs countered that AlieraCare is an insurance plan governed by Washington State insurance law and, as such, they were not required to exhaust the dispute resolution procedures in the Member Guide before filing the lawsuit because those procedures violate Washington law. Dkt. No. 27.

In denying Aliera's motion to dismiss the First Amended Complaint as premature, the Court determined that "[t]aking [the Original] Plaintiffs' plausible allegations as true" as is required on a motion to dismiss, the First Amended Complaint "sufficiently established that AlieraCare is an insurance plan." Dkt. No. 47 at 9. The Court further determined that the complaint "sufficiently pled" that the Member Guide's dispute resolution procedures "are illegal under [] Washington insurance law." *Id*. at 12. "As such, [the Original] Plaintiffs are relieved of

any obligation to follow the dispute resolution procedures at issue." *Id*. However, the Court was careful to note that it reached this conclusion under the legal standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that in deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all well-pled factual allegations in a complaint). The Court did not reach the merits of the claims—*i.e.* whether AlieraCare constitutes insurance under Washington insurance law and whether the dispute resolution procedures are unenforceable under the law—the Court simply determined that the claims were sufficiently pled to survive Aliera's motion to dismiss. Moreover, in bringing the motion to dismiss the First Amended Complaint as premature, rather than seeking to avail itself of the judicial forum and "actively litigate[] the merits of [the] case for a prolonged period of time," Aliera argued that this Court was *not* the proper forum in which to bring the claims and that this Court could *not* adjudicate the merits of the claims because Plaintiffs had not yet exhausted the dispute resolution procedures. Thus, Aliera did not seek a ruling on the merits when it moved to dismiss the First Amended Complaint as prematurely filed and therefore did not act inconsistently with its right to compel arbitration. Since the Court finds that Aliera did not act inconsistently with its right to compel arbitration, the Court reconsiders whether Aliera's acts constitute waiver and finds they do not.

    **b. Whether Trinity sought a judicial determination on the merits when it moved to dismiss the First Amended Complaint**

Trinity also moved to dismiss the First Amended Complaint, alleging that the Original Plaintiffs filed the claims prematurely. Dkt. No. 21. The foregoing reasoning in the previous section applies equally to Trinity's motion to dismiss; as such, the Court concludes that Trinity did not act inconsistently with its right to compel arbitration when it moved to dismiss the First Amended Complaint as premature.

11

However, Trinity also moved to dismiss the First Amended Complaint—with prejudice—as "preempted by federal agency action." *Id.* at 2. This requires a different analysis. The gravamen of the First Amended Complaint is that Trinity is a health insurance company and AlieraCare is a health insurance plan governed by Washington state insurance law. It alleges that AlieraCare runs afoul of Washington insurance law and seeks either rescission or reformation of AlieraCare. In moving to dismiss the complaint, Trinity argued that the Internal Revenue Service has already determined that Trinity is an HCSM under 26 U.S.C. § 5000A. Dkt. No. 21 at 11. This is significant because Trinity alleges that an organization that is recognized as an HCSM is exempt from Washington insurance law. Therefore, Trinity argued, the IRS's determination that Trinity is a HCSM "preempts Plaintiffs' state law claims as a matter of settled law" and the claims must be "dismissed with prejudice." *Id.* at 2.

The Original Plaintiffs countered that Trinity does not meet the definition of an HCSM under 26 U.S.C. § 5000A because Trinity did not exist prior to December 31, 1999, as required by the statute. In denying Trinity's motion as to the preemption argument, this Court stated:

> Plaintiffs' allegations, taken as true for purposes of [this] motion[], raise serious questions regarding Trinity's status as a legitimate HCSM. Defendant Trinity has failed in its motion to address, let alone dispute, Plaintiffs' allegation that [Trinity] was not in existence as of December 31, 1999, as required by [26 U.S.C. § 5000A]. Taking this allegation as true, as it must at this stage, the Court concludes, for purposes of [this] motion[], that Trinity does not qualify as an HCSM under [26 U.S.C. § 5000A].

Dkt. No. 47 at 7-8. Thus, once again this Court did not reach a determination on the merits; it simply determined that the First Amended Complaint pled sufficient factual allegations to defeat Trinity's motion to dismiss. However, unlike its argument to dismiss the complaint as prematurely filed, here Trinity urged this Court to dismiss the complaint as "a matter of settled law" *with prejudice*. The only reason the Court did not reach the issue of whether Trinity is a

HCSM under 26 U.S.C. § 5000A—the key issue in this lawsuit—is because Trinity failed to sufficiently refute the Original Plaintiffs' allegation that Trinity did not exist before December 31, 1999. If Trinity had successfully responded to the allegation, this Court may have reached the issue and may have dismissed the claims—with prejudice—as urged by Trinity. Therefore, Trinity sought a decision on the merits of a key issue in this case, thereby taking advantage of this judicial forum. In doing so, Trinity acted inconsistently with its right to compel arbitration.[2] *See Hooper v. Advance Am. Cash Advance Ctrs. of Missouri, Inc.*, 589 F.3d 917, 922 (8th Cir. 2009) (holding that defendant acted inconsistently by seeking a decision on the merits, which resulted in a game of "heads I win, tails you lose") (citations omitted).

### 2. Whether the Original Plaintiffs Were Prejudiced by Trinity's Inconsistent Actions

To demonstrate waiver, "[m]ore is required than action inconsistent with an arbitration provision; prejudice to the party opposing arbitration must also be shown". *Lake Commc'ns*, 738 F.2d at 1477. A plaintiff can make this showing by demonstrating that it has "incurred costs that [it] would not otherwise have incurred" or that it "would be forced to relitigate an issue on the merits on which [it has] already prevailed in court." *Martin*, 829 F.3d at 1126.

In denying Defendants' motion to compel arbitration, the Court concluded that if it were to grant the motion, the Original Plaintiffs would be forced to arbitrate "a key legal issue on the merits" that this Court has already ruled on in their favor. Dkt. No. 90 at 12. In light of the foregoing analysis, the Court no longer holds this view. The Original Plaintiffs have not yet prevailed on the merits of a legal issue in this case. To date, the Court has only determined that the Original Plaintiffs' claims satisfy the Rule 12(b)(6) standard of review. Moreover, the cost

---

[2] The Original Plaintiffs argue that Aliera "joined in Trinity's motions to dismiss Plaintiffs' claims based upon 'federal pre-emption.'" Dkt. No. 116 at 2. The Court disagrees. Aliera filed a separate motion to dismiss and did not file a notice of joinder with Trinity's motion to dismiss.

of defending against a motion to dismiss is not always sufficient, in and of itself, to establish prejudice. *United Computer Sys.,Inc.*, 298 F.3d at765 (finding no prejudice despite having to defend against a motion to dismiss on res judicata grounds); *see also*, *Airbus S.A.S. v. Aviation Partners, Inc*., No. 12-1228JLR, 2012 WL 5295145, *4 (W.D. Wash. Oct. 25, 2012) (noting that the Ninth Circuit has held "that there is no prejudice where a defendant had incurred substantial litigation costs but the case had only progressed to the pleadings states (including a motion to dismiss)").[3]

Therefore, the Original Plaintiffs failed to meet their "heavy burden" of establishing prejudice.[4]

### B. The Original Plaintiffs' Challenge to the Arbitration Clause Must Be Decided by the Arbitrator

In addition to alleging that Defendants had waived their right to arbitration, the Original Plaintiffs also challenged Defendants' motion to compel arbitration on the basis that the arbitration clause is unenforceable under Washington law. The Perrins raised the same issue in their opposition to Defendants' motion to compel their claims to arbitration. In resolving that motion, this Court determined that the Perrins' challenge to the arbitration clause must be

---

[3] Nor have the Original Plaintiffs been prejudiced by any costs they incurred in responding to initial schedule or discovery related proceedings. Such costs were incurred as a direct result of bringing this action in federal court. *Martin*, 829 F.3d at 1126; *see also Fisher*, 791 F.2d at 698 (holding "[a]ny extra expense incurred as a result of [plaintiffs'] deliberate choice of an improper forum, in contravention of their contract, cannot be charged to [defendant]."); *Newirth*, 931 F.3d at 943 (holding "a plaintiff that has breached its arbitration agreement is not prejudiced by costs incurred in preparing the complaint, serving notice, and litigating non-merits issues … Nor is such a plaintiff prejudiced by costs incurred due to substantial discovery in federal court, even though such discovery 'would be rendered nugatory by a direction that arbitration now be had.'") (internal citations omitted).

[4] Although Defendants do not here challenge this Court's prior determination that they had "knowledge of an existing right to compel arbitration"—the first requirement for establishing waiver—the Court reconsiders that determination as well. Defendants argued in their motion to compel arbitration that they had not moved to compel arbitration earlier because they believed the issue was not yet ripe. *See e.g*., Dkt. No. 21 at 6 n. 2. In their view, the parties were required to complete each step of the dispute resolution proceedings before moving to binding arbitration. While the Court disagrees with this analysis because it introduces an artificial separation between the earlier levels of dispute resolution and binding arbitration, the Court finds that Defendants' failure to move to compel arbitration does not evidence "an intentional and strategic" decision to delay arbitration to "take advantage of the judicial forum." *Newirth*, 931 F.3d at 941.

decided by the arbitrator. *See* Dkt. No. 105 at 7. The same reasoning applies to the Original Plaintiffs' claims. Thus, the Court incorporates that reasoning and grants Defendants' motion to compel the Original Plaintiffs' claims to arbitration and stays these proceedings as to those claims pending arbitration.

### IV.    CONCLUSION

Based on the foregoing reasoning, the Court HEREBY:

(1) STRIKES as moot Defendants' motions to stay proceedings pending appeal to the Ninth Circuit (Dkt. Nos. 101, 103);

(2) VACATES the July 20, 2020 Order Denying Defendants' Consolidated Motion to Compel Arbitration and Stay Proceedings Pending Arbitration pursuant to 9 U.S.C. §§ 3-4 and Motion to Stay Discovery Pending Decision on Motion to Compel (Dkt. No. 90);

(3) GRANTS Defendants' Consolidated Motion to Compel Arbitration and Stay Proceedings Pending Arbitration pursuant to 9 U.S.C. §§ 3-4 (Dkt. No. 52);

(4) STRIKES as moot Defendants' Motion to Stay Discovery Pending Decision on Motion to Compel (Dkt. No. 52); and

(5) STAYS this matter pending arbitration.

Dated 6th day of October 2020.

*[signature: Barbara J. Rothstein]*

Barbara Jacobs Rothstein
U.S. District Court Judge