UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACKSON, *et al*.<br><br>                Plaintiffs,<br><br>v.<br><br>THE ALIERA COMPANIES, INC., *et al*.<br><br>                Defendants. | Case No.: 19-cv-01281-BJR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I.    INTRODUCTION

Plaintiffs Gerald Jackson, Roslyn Jackson, Dean Mellom, Jon Perrin, and Julie Perrin ("Plaintiffs") bring this putative class action suit against Defendants Aliera Companies, Inc., its now-defunct subsidiary Aliera Healthcare, Inc. (collectively "Aliera"), and Trinity HealthShare, Inc. ("Trinity"). Plaintiffs allege that Defendants sold them unauthorized health insurance plans in violation of Washington law and engaged in unfair and deceptive practices in violation of the Washington Consumer Protection Act, RCW 19.86.010 *et seq*.

Currently before the Court is Jon and Julie Perrin's ("the Perrins") motion for reconsideration of this Court's August 18, 2020 decision ordering them to arbitrate their claims and staying the proceedings as to their claims. Dkt. No. 105 (Order); Dkt. No. 110 (Motion).

Having reviewed the motion, the opposition thereto, the record of the case, and the relevant legal authority, the Court denies the motion. The reasoning for the Court's decision follows.

## II.     DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h):

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (alteration in original). "Mere disagreement with a previous order is an insufficient basis for reconsideration." *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

The Perrins have not met their heavy burden. They raise no newly issued legal authority or newly developed factual evidence. They simply reargue issues that were thoroughly briefed and considered by the Court when it granted the Defendants' motion to compel arbitration. While the Perrins believe this Court erred in reaching its decision, they have not established manifest error. Disagreement with the Court's conclusion is not a sufficient basis upon which to grant a motion for reconsideration. *Haw. Stevedores*, 363 F. Supp. 2d at 1269. Thus, the motion for reconsideration must be denied.

### III. CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES the Perrins' motion for reconsideration (Dkt. No. 110).

Dated this 8th day of October 2020.

Barbara J. Rothstein
Barbara Jacobs Rothstein
U.S. District Court Judge