The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERALD JACKSON, ROSLYN JACKSON, DEAN MELLOM, JON PERRIN AND JULIE PERRIN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

THE ALIERA COMPANIES, INC., a Delaware corporation; ALIERA HEALTHCARE, INC., a Delaware corporation; TRINITY HEALTHSHARE, INC., a Delaware corporation,

Defendants.

NO. 2:19-cv-01281-BJR

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

THIS MATTER came before the Court on Plaintiffs' Motion for Class Certification. The Court has considered the Plaintiffs' Motion, the Declaration of Eleanor Hamburger, Jon Perrin and all attached Exhibits in Support of Plaintiffs' Motion attached to the declarations. Defendant Aliera did not respond to the Motion. The Court has also considered the other pleadings and records on file.

Based upon the foregoing, the Court hereby GRANTS Plaintiffs' Motion for Class Certification.

ORDER GRANTING PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION – 1
[Case No. 2:19-cv-01281-BJR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

Case 2:19-cv-01281-BJR   Document 170   Filed 11/12/21   Page 2 of 6

## I. FINDINGS

The Court makes the following findings, consistent with the Court's oral ruling which is incorporated herein by reference:

1.  Even when a default judgment is entered against a defendant due to a lack of counsel, the proposed class must comply with the requirements of Fed. R. Civ. P. 23.

2.  Named Plaintiffs Gerald and Roslyn Jackson, Dean Mellom, and Jon and Julie Perrin propose that the Court certify a class pursuant to Rule 23(b)(3) as follows:

> All Washington residents who acquired plans from or through The Aliera Companies, Inc., Aliera Healthcare, Inc. and Trinity Healthshare, Inc. or any of those entities' subsidiaries that purported to be "health care sharing ministry" plans at any time from June 27, 2018 to July 8, 2021.

3.  The Court first considers whether the proposed class satisfies the four prerequisites of Rule 23(a). The Court then considers whether the requirements under Rule 23(b)(3) are met.

4.  Rule 23(a)(1) – Numerosity. The parties identified approximately 2,832 Washington residents enrolled in the Aliera/Trinity Plan from June 27, 2018 to July 8, 2021. Luria Decl. ¶8. This satisfies numerosity, and the Court finds that joinder would be impracticable. *See* FRCP 23(a)(1).

5.  Rule 23(a)(2) – Commonality. Rule 23(a)(2) requires that there be at least one question of law or fact common to the members of the class. *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001). The core legal questions that the named plaintiffs and all class members sought in this case is: (1) whether the health plans that Aliera created, marketed, sold and administered to class members met the legal requirements of an HCSM under 26 U.S.C. § 5000A and RCW 48.43.009; (2) whether Washington insurance law and regulations forbid the creation, marketing, sale and administration of health care plans in the "business of insurance" without authorization or other legal exception; (3) whether Aliera failed to obtain proper authorization for the creation, marketing, sale and administration of an insurance plan in Washington State; and (4) whether Aliera's

ORDER GRANTING PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION – 2
[Case No. 2:19-cv-01281-BJR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

acts and omissions in violation of Washington insurance law violated the Washington Consumer Protection Act. Answers to these common questions will be the same for all class members. Commonality is met.

6. Rule 23(a)(3) – Typicality. Rule 23(a)(3) requires that the claims of the named plaintiff be "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1020 (9th Cir. 1998). Named Plaintiffs, like all other class members, were sold an unauthorized and illegal health plan that was designed, marketed, sold and administered by Aliera in violation of Washington law. The claims of the Named Plaintiffs are typical of that of the proposed class.

7. Rule 23(a)(4) and Rule 23(g) – Adequacy of Representation. Rule 23(a)(4) and 23(g) requires that both (1) counsel representing the class must be qualified and competent; and (2) the class representative must not have conflicting interests with unnamed class members. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). The declarations from the Named Plaintiffs confirm that they are familiar with the duties and responsibilities of being a class representative and will continue to diligently look out for the interests of all class members. *See* Dkt. Nos. 72-76.

8. The counsel who represent Named Plaintiffs have established that they have far-reaching experience in health coverage class action litigation and will continue to provide vigorous representation of the proposed class. *See* Dkt. Nos. 77-79. The proposed class representatives and class counsel are adequate.

9. Rule 23(b)(3) Standard. Rule 23(b)(1) allows a plaintiff to pursue a class action if Rule 23(a) is satisfied and if (1) questions of law or fact common to the class members predominate over questions affecting individual members, and (2) such an action is superior to other available methods of adjudicating the controversy.

ORDER GRANTING PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION – 3
[Case No. 2:19-cv-01281-BJR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

10.     Rule 23(b)(3) Predominance inquiry.  "The Rule 23(b)(3) predominance inquiry asks the court to make a global determination of whether common questions prevail over individualized ones." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016).  The Court concludes that the universal question on liability is whether the Defendants marketed, sold and/or administered illegal health plans in Washington State.  This question does not require any individualized factual analysis.  Damages may also be determined on a classwide aggregate basis based upon Aliera's own records, as provided to the Sharity Chief Reconstruction Officer.  *See* Luria Decl., ¶¶9-10.  Predominance is met.

11.     Rule 23(b)(3) Superiority inquiry.  Here a class action is superior to other available methods of adjudicating this controversy.  Although thousands of Washington residents were impacted by Aliera's sale of unauthorized coverage, no other individual lawsuits are pending.  Many consumers would have a difficult time finding counsel able to pursue this dispute.

## II.  ORDER

The Court certifies the following class:

> All Washington residents who acquired plans from or through The Aliera Companies, Inc., Aliera Healthcare, Inc. and Trinity Healthshare, Inc. or any of those entities' subsidiaries that purported to be "health care sharing ministry" plans at any time from June 27, 2018 to July 8, 2021.

The Court further appoints Named Plaintiffs Gerald and Roslyn Jackson, Dean Mellom, and Jon and Julie Perrin, as class representative and Richard E. Spoonemore, Eleanor Hamburger of Sirianni Youtz Spoonemore Hamburger PLLC, Michael David Myers and Samantha Lin of Myers & Company, PLLC, and Cyrus Mehri and Jay Angoff of Mehri & Skalet PLLC as class counsel.

ORDER GRANTING PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION – 4
[Case No. 2:19-cv-01281-BJR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

DATED: November 11, 2021.

*[signature]*
Barbara Jacobs Rothstein
U.S. District Court Judge

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

   *s/ Eleanor Hamburger*
Richard E. Spoonemore (WSBA #21833)
Eleanor Hamburger (WSBA #26478)
Email:  rspoonemore@sylaw.com
            ehamburger@sylaw.com

MYERS & COMPANY, PLLC

   *s/ Michael David Myers*
Michael David Myers (WSBA #22486)
Samantha Lin (WSBA #50782)
1530 Eastlake Avenue East
Seattle, WA 98102
Tel. (206) 398-1188; Fax (206) 400-1115
Email:   mmyers@myers-company.com
             slin@myers-company.com

ORDER GRANTING PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION – 5
[Case No. 2:19-cv-01281-BJR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

MEHRI & SKALET, PLLC

   *s/ Jay Angoff*
_____
Jay Angoff, *Pro Hac Vice*
Cyrus Mehri, *Pro Hac Vice*
1250 Connecticut Avenue, NW, Suite 300
Washington, DC  20036
Tel. (202) 822-5100
Email:   jangoff@findjustice.com
             cmehri@findjustice.com

Attorneys for Plaintiffs

ORDER GRANTING PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION – 6
[Case No. 2:19-cv-01281-BJR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246