1

2

3

4

5

6

The Honorable Barbara J. Rothstein

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

GERALD JACKSON, ROSLYN JACKSON
DEAN MELLOM, JON PERRIN and JULIE
PERRIN, individually and on behalf of all
others similarly situated,

NO.  2:19-cv-01281-BJR

13

14

Plaintiffs,

v.

PLAINTIFFS' SUGGESTION OF
INVOLUNTARY BANKRUPTCY OF
THE ALIERA COMPANIES, INC.

15

16

17

18

THE ALIERA COMPANIES, INC., a
Delaware corporation; ALIERA
HEALTHCARE, INC., a Delaware
corporation; TRINITY HEALTHSHARE,
INC., a Delaware corporation,

19

Defendants.

20

21

Plaintiffs Gerald Jackson, Roslyn Jackson, and Dean Mellom, individually and on

behalf of all others similarly situated, state by and through their undersigned counsel:

22

23

24

25

On December 3, 2021, they, along with judgment creditors in a case styled *Hanna*

*Albina, et. al v. The Aliera Companies, et. al,* Case No. 5:20-CV-00496-JMH, in the United

States District Court for the Eastern District of Kentucky, filed an involuntary petition

for relief under 11 U.S.C. § 303 against Defendant The Aliera Companies, Inc., in the

26

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

United States Bankruptcy Court for the District of Delaware.  Attached as *Exhibit A* is a copy of the petition.

Plaintiffs therefore suggest that this case is stayed pursuant to 11 U.S.C. § 362.

DATED:  December 8, 2021.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC


    */s/ Eleanor Hamburger*
Richard E. Spoonemore (WSBA #21833)
Eleanor Hamburger (WSBA # 26478)
3101 Western Avenue, Suite 350
Seattle, WA 98121
Tel. (206) 223-0303; Fax (206) 223-0246
Email:  rspoonemore@sylaw.com
         ehamburger@sylaw.com

MYERS & COMPANY, PLLC
Michael David Myers (WSBA #22486)
Samantha Lin (WSBA #50782)
1530 Eastlake Avenue East
Seattle, WA 98102
Tel. (206) 398-1188; Fax (206) 400-1115
Email:  mmyers@myers-company.com
         slin@myers-company.com

MEHRI & SKALET, PLLC
Jay Angoff, *Pro Hac Vice*
Cyrus Mehri, *Pro Hac Vice*
1250 Connecticut Avenue, NW, Suite 300
Washington, DC  20036
Tel. (202) 822-5100
Email:  jangoff@findjustice.com
         cmehri@findjustice.com

*Attorneys for Plaintiffs*

SUGGESTION OF INVOLUNTARY BANKRUPTCY
OF THE ALIERA COMPANIES, INC. – 2
[Case No. 2:19-cv-01281-BJR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

**CERTIFICATE OF SERVICE**

I certify that on December 8, 2021, I electronically filed the foregoing Suggestion of Involuntary Bankruptcy of The Aliera Companies, Inc. with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all ECF-registered counsel of record.

I also certify that I have mailed the document to Aliera at its last known business addresses, via U.S. First Class Mail, as well as e-mailed and mailed to the Assignee for The Aliera Companies, Inc.:

- **The Aliera Companies Inc.**
  **Aliera Healthcare, Inc.**
  990 Hammond Dr. NE, Suite 700
  Atlanta, GA 30328

- **The Aliera Companies Inc.**
  P.O. Box 28220
  Atlanta, GA 30358

- **Assignee for The Aliera Companies, Inc.,** *et al.*
  c/o Katie Goodman
  Asset Recovery Associates Aliera, LLC
  3155 Roswell Road NE, Suite 120
  Atlanta, GA 30305
  kgoodman@gggpartners.com

DATED:  December 8, 2021, at Seattle, Washington.

_____/s/ Eleanor Hamburger_____
Eleanor Hamburger (WSBA # 26478)
Email:  ehamburger@sylaw.com

SUGGESTION OF INVOLUNTARY BANKRUPTCY
OF THE ALIERA COMPANIES, INC. – 3
[Case No. 2:19-cv-01281-BJR]

**PLAINTIFFS' SUGGESTION OF INVOLUNTARY
BANKRUPTCY OF THE ALIERA COMPANIES, INC.**

# EXHIBIT A

**Fill in this information to identify the case:**

United States Bankruptcy Court  for the:

_____ District of __Delaware__
(State)

Case number (*If known*): __Not Known_____   Chapter __11__

☐ Check if this is an
amended filing

Official Form 205

# Involuntary Petition Against a Non-Individual

12/15

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

## Part 1:   Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

1. **Chapter of the Bankruptcy Code**

   *Check one:*

   ☐ Chapter 7

   ☑ Chapter 11

## Part 2:   Identify the Debtor

2. **Debtor's name**

   __The Aliera Companies Inc._____

3. **Other names you know the debtor has used in the last 8 years**

   Include any assumed names, trade names, or *doing business as* names.

   __Aliera Healthcare, Inc._____

   _____

   _____

4. **Debtor's federal Employer Identification Number (EIN)**

   ☐ Unknown

   __81-1019555__ __ __ __ __ __ __
   EIN

5. **Debtor's address**

   | Principal place of business | Mailing address, if different |
   |---|---|
   | __990 Hammond Drive, Suite 700__ | |
   | Number    Street | Number    Street |
   | | P.O. Box |
   | __Atlanta__    __GA__  __30328__ | |
   | City    State    ZIP Code | City    State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | __Fulton__ | |
   | County | Number    Street |
   | | |
   | | City    State    ZIP Code |

| Debtor | The Aliera Companies Inc. | | Case number (if known) Not Known |
|---|---|---|---|
| | Name | | |

**6. Debtor's website** (URL)    https://www.alieracompanies.com

**7. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other type of debtor. Specify: _____

**8. Type of debtor's business**

*Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the types of business listed.

☐ Unknown type of business.

**9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

☐ No

☑ Yes. Debtor Sharity Ministries, Inc.                Relationship 11 U.S.C. § 101(2)(D)

District Delaware          Date filed 07/08/2021          Case number, if known 21-11001-JTD
                                    MM / DD / YYYY

Debtor _____          Relationship _____

District _____ Date filed _____          Case number, if known _____
                                    MM / DD / YYYY

---

**Part 3:    Report About the Case**

**10. Venue**

*Check one:*

☑ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☑ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☑ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☑ No

☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

Debtor   **The Aliera Companies Inc.**
　　　　 Name

Case number (*if known*) **Not Known**

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| See Schedule A, which is incorporated into this petition by reference | _____ | $ _____ |
| | _____ | $ _____ |
| | _____ | $ _____ |
| | Total of petitioners' claims | $ _____ |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

---

**Part 4:    Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

**Petitioners or Petitioners' Representative**

**Attorneys**

**Name and mailing address of petitioner**

See the declarations that are attached this petition as
Name

its Exhibit A, which is incorporated into this petition by
Number   Street

reference
City　　　　　　　　　　　State　　　ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number   Street

_____
City　　　　　　　　　　　State　　　ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
　　　　　　 MM / DD / YYYY

**✗** _____
Signature of petitioner or representative, including representative's title

Joseph H. Huston, Jr.
Printed name

Stevens & Lee, P.C.
Firm name, if any

919 North Market Street, Suite 1800
Number   Street

Wilmington, Delaware 19801
City　　　　　　　　State　　　　ZIP Code

Contact phone  (302) 425-3310   Email joseph.huston@stevenslee.com

Bar number   4035

State   Delaware

**✗** /s/ Joseph H. Huston, Jr.
Signature of attorney

Date signed   **12/03/2021**
　　　　　　　 MM / DD / YYYY

---

Debtor    The Aliera Companies Inc.
          Name                                                    Case number *(if known)* Not Known

**Name and mailing address of petitioner**

_____
Name

_____
Number   Street

_____
City              State      ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number   Street

_____
City              State      ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
            MM / DD / YYYY

✖ _____
Signature of petitioner or representative, including representative's title

Printed name _____

Firm name, if any _____

Number   Street _____

City _____ State _____ ZIP Code _____

Contact phone _____ Email _____

Bar number _____

State _____

✖ _____
Signature of attorney

Date signed _____
            MM / DD / YYYY

**Name and mailing address of petitioner**

_____
Name

_____
Number   Street

_____
City              State      ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number   Street

_____
City              State      ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
            MM / DD / YYYY

✖ _____
Signature of petitioner or representative, including representative's title

Printed name _____

Firm name, if any _____

Number   Street _____

City _____ State _____ ZIP Code _____

Contact phone _____ Email _____

Bar number _____

State _____

✖ _____
Signature of attorney

Date signed _____
            MM / DD / YYYY

Official Form 205                Involuntary Petition Against a Non-Individual                page 4

Debtor: The Aliera Companies Inc.                          Case Number: Not Available

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Chapter 11 |
| THE ALIERA COMPANIES INC., | ) | |
| | ) | Case No. |
| Debtor.[1] | ) | |
| | ) | |

**SCHEDULE A TO**
**THE INVOLUNTARY PETITION AGAINST THE ALIERA COMPANIES INC.**

This schedule sets forth the names of the petitioners commencing this involuntary case

against The Aliera Companies Inc. and the nature and amount of those petitioners' claims against

The Aliera Companies Inc.:

| Reference Number | Name of the Petitioner or Petitioners | Nature of the Petitioner's or Petitioners' Claim | Amount of the Petitioner's or Petitioners' Claim above the Value of any Lien |
|---|---|---|---|
| 1 | Austin Willard | Judgment[2] | $16,255.54 |
| 2 | Hanna Albina and Austin Willard, on behalf of all persons who, while a Kentucky resident, purchased or were covered by a plan from The Aliera Companies Inc. and Sharity Ministries, Inc., which purported to be a | Judgment[3] | $4,679,868.46 |

---

[1]   The last four digits of the Debtor's federal taxpayer identification number are 9555. The address of the Debtor's principal office is 990 Hammond Drive, Suite 700, Atlanta, Georgia 30328.

[2]   A copy of this judgment is attached to this schedule as its Exhibit 1.

[3]   A copy of this judgment is attached to this schedule as its Exhibit 1.

Debtor: The Aliera Companies Inc.                    Case Number: Not Available

| | | | |
|---|---|---|---|
| | "health care sharing ministry" | | |
| 3 | Gerald and Roslyn Jackson | Judgment[4] | $12,582.00 |
| 4 | Dean Mellom | Judgment[5] | $3,692.00 |
| 5 | Gerald Jackson, Roslyn Jackson, and Dean Mellom, on behalf of all Washington residents who acquired plans from or through The Aliera Companies Inc., Aliera Healthcare, Inc., and Sharity Ministries, Inc. or any of those entities' subsidiaries that purported to be "health care sharing ministry" plans at any time from June 27, 2018 to July 8, 2021 | Judgment[6] | $21,352,827.08 |
| **Sum:** | | | $26,065,225.08 |

---

[4]     A copy of this judgment is attached to this schedule as its Exhibit 2.

[5]     A copy of this judgment is attached to this schedule as its Exhibit 2.

[6]     A copy of this judgment is attached to this schedule as its Exhibit 2.

Debtor: The Aliera Companies Inc.                                    Case Number: Not Available

**<u>Exhibit 1</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

HANNA ALBINA and AUSTIN WILLARD,
individually and on behalf of others similarly
situated,

         Plaintiffs,

         vs.

THE ALIERA COMPANIES, INC.,
TRINITY HEALTHSHARE, INC., and
ONESHARE HEALTH, LLC d/b/a UNITY
HEALTHSHARE, LLC,

         Defendants.

Case No.: 5:20-CV-00496-JMH

***ELECTRONICALLY FILED***

**DEFAULT JUDGMENT AGAINST
THE ALIERA COMPANIES, INC.**

** ** ** ** ** ** ** ** ** ** **

It appearing that Defendant the Aliera Companies, Inc., is in default by the failure to appear before the Court by counsel (DE 69), the Clerk having previously noted Aliera's default on the docket by order of the Court (D.E. 70), and seven or more days having elapsed since entry of the default and notice of Plaintiffs' motion for default judgment, without any appearance of Aliera by counsel, the Court having previously certified this matter as a class action pursuant to Fed. R. Civ. P. 23(2) and 23(b)(3) (D.E. 68), the Court having reviewed the motion, memoranda, and evidence submitted by Plaintiffs, the Court now finds as follows.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. The Aliera Companies, Inc. ("Aliera") entered into contracts with Plaintiffs and various Kentucky residents defined in the class herein to pay medical expenses on the determination of certain contingencies. Pursuant to KRS 304.1-030, those contracts constituted

"insurance" and are therefore subject to the Kentucky insurance code. There is an exception to application of the Kentucky insurance code afforded to certain religious organizations by KRS 304.1-120(7), but that exception does not apply to the plans sold by Aliera because, *inter alia*, Aliera is not a nonprofit religious association, Aliera did not limit the sales of its plans to participants who were members of the same denomination or religion, Aliera did not match specific participants who have financial, physical, or medical needs with participants who choose to assist with those needs, the contractual amounts paid to Aliera were not voluntary, and Aliera and Trinity, through its member guide, did assume specific risks or make specific promises to pay certain medical expenses that were not discretionary with Aliera and/or Trinity.

2.      Aliera held itself out as providing health care sharing ministry ("HCSM") products of Trinity HealthShare, Inc. ("Trinity") (no known as Sharity Ministries, Inc.), but Trinity did not qualify as an HCSM under United States law, 26 U.S.C. § 5000A(d)(2), because, *inter alia*, Trinity or its predecessors have not been in continuous existence since December 31, 1999, and Trinity did not conduct an annual audit performed by an independent certified public accounting firm at all times during its existence. According to the declaration of Neil Luria, no outside audit was performed for the year 2018 or any year thereafter.

3.      Aliera misled the class members into entering contracts for a product that was not what it purported to be and did not comply with applicable federal or state law. Because the products Aliera sold to the class members met the definition of insurance under Kentucky law, it was required to comply with the Kentucky insurance code and it failed to do so, to the damage of the class members.

4.      Each Plaintiff or class member at his or her option is entitled to rescind his or her contract with Aliera or reform his or her contract with Aliera so as to comply with applicable

insurance law, including Kentucky law and the law of the United States, which among other things, prohibits the exclusion of pre-existing conditions, prohibits waiting periods for coverage, and prohibits insurers from selectively paying claims to different insured in a different manner. Those Plaintiffs or class members who choose to rescind their contracts with Aliera are entitled to judgment in the amount of all payments made to Aliera for purchase of products sold by Trinity Healthshare, Inc. ("rescission damages").  Those Plaintiffs or class members who choose to reform their contracts with Aliera are entitled to judgment in the amount of all claims submitted to Aliera for payment by Trinity Healthshare, Inc., but not previously paid ("reformation damages").

5.     The uncontroverted declaration of Neil Luria (D.E. 64-5), the Chief Restructuring Officer of Sharity Ministries Inc. (the company formerly known as Trinity Healthshare, Inc.), is sufficient evidence of both the amount of contract payments made to Aliera for Trinity plans, and the amount of claims submitted to Aliera but unpaid for Trinity plans. Plaintiff Austin Willard made total contractual payments to Aliera and Trinity of $16,038.75. Mr. Willard submitted total medical bills to Aliera and Trinity that have not been paid of $16,255.24. On a classwide basis, the contract payments to Aliera and Trinity by all class members total $2,189,003, and the medical bills submitted to Aliera and Trinity by all class members that have not been paid total $3,112,951.

6.     Mr. Willard has elected to reform his contract and therefore is entitled to receive judgment of his reformation damages, in an amount of the total medical bills submitted by him to Aliera but unpaid.

7.     The class members have not yet had the opportunity to elect the measure of damages each will receive. Presumably, each will make the rational decision to elect to receive

the higher of the rescission damages or reformation damages available to him or her on an individual basis. Neil Luria has provided a Second Declaration, dated November 11, 2021, and filed in the record herein on November 12, 2021. Mr. Luria's Second Declaration provides sufficient evidence of the total amount of damages sustained by the class members, based on each class member's presumed election to take the higher amount of damages available to him or her. The aggregate amount of those damages, based on the presumed individual elections, is $4,696,124. The Court finds that this amount represents the total damages of the class known at this time.

## JUDGMENT

IT IS NOW THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

The Court grants default judgment in favor of Austin Willard, against The Aliera Companies, for reformation of his contract with The Aliera Companies in order to comply with applicable insurance laws, in the amount of $16,255.54.

The Court grants default judgment in favor of the class of all persons who, while a Kentucky resident, purchased or were covered by a plan from Aliera and Trinity Healthshare, Inc., that purported to be a "health care sharing ministry." The amount of the judgment is the aggregate rescission damages or reformation damages of the class, presuming each individual class member elects the higher measure of available damages, $4,696,124, less the judgment in favor of Austin Willard, individually, for a total judgment in favor of the absent class members of $4,679,868.46.

This 17th day of November, 2021.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge

Debtor: The Aliera Companies Inc.                    Case Number: Not Available

**<u>Exhibit 2</u>**

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERALD JACKSON, ROSLYN JACKSON,
DEAN MELLOM, JON PERRIN AND JULIE
PERRIN, individually and on behalf of all
others similarly situated,

     Plaintiffs,

 v.

THE ALIERA COMPANIES, INC., a
Delaware corporation; ALIERA
HEALTHCARE, INC., a Delaware
corporation; TRINITY HEALTHSHARE,
INC., a Delaware corporation,

     Defendants.

NO.  2:19-cv-01281-BJR

**ORDER GRANTING PLAINTIFFS'
MOTION TO STRIKE ALIERA'S
ANSWER AND ENTER DEFAULT
JUDGMENT OR IN THE
ALTERNATIVE TO GRANT
PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT**

  THIS MATTER came before the Court on Plaintiffs' Motion for Class Certification.  The Court has considered the Plaintiffs' Motion, the Declarations of Eleanor Hamburger, Jon Perrin, Dean Mellom, Roslyn Jackson, Neil F. Luria (both original and supplemental), and all attached Exhibits in Support of Plaintiffs' Motion attached to those declarations, the Declaration of Mailing (Dkt. No. 160) evidencing service of this Court's October 26, 2021 Order (Dkt. No. 159) and Notice of Additional Authorities.  No response was received from Defendant Aliera.

ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE
ALIERA'S ANSWER AND ENTER DEFAULT JUDGMENT
ETC. – 1
[Case No. 2:19-cv-01281-BJR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

The Court has also considered the other pleadings and records on file.

Based upon the foregoing, and having found that Aliera is unrepresented, despite service of the Motion and all documents in support of the motion (original and supplemental) at Aliera's last known place of business, and on the recorded Assignee for Aliera, and despite the allowance of sufficient time for Aliera to retain counsel (Dkt. 150) and respond, the Court hereby:

1. GRANTS Plaintiffs' Motion to Strike Aliera's Answer.  The Clerk is hereby ORDERED to strike Aliera's Answer from the record.

2. GRANTS Plaintiffs' Motion for Entry of Default.

3. GRANTS Plaintiffs' Motion for Default Judgment against Aliera. Pursuant to Fed. R. Civ. P. 55(b)(2), the Court enters a default judgment against Defendant Aliera in favor of Roslyn and Gerald Jackson, Dean Mellom, Jon and Julie Perrin, and the Plaintiff Class.  Based upon the records and pleadings herein, and as described in the Court's oral ruling (incorporated herein by reference), the Court concludes that Defendant Aliera designed, marketed, and sold the Named Plaintiffs and the Plaintiff Class unauthorized and illegal health insurance.  The Court further concludes that Aliera's acts and omissions were also violations of the Washington Consumer Protection Act.  The damages suffered as a result of these illegal and fraudulent practices is as follows:

(a) Roslyn and Gerald Jackson suffered damages in the amount of $12,082.00 in reformation damages;

(b) Dean Mellom suffered damages in the amount of $3,442.00 in rescission damages;

(c) Jon and Julie Perrin suffered damages in the amount of $7,107.92 in rescission damages;

ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE
ALIERA'S ANSWER AND ENTER DEFAULT JUDGMENT
ETC. – 2
[Case No. 2:19-cv-01281-BJR]

(d) the Plaintiff Class suffered damages totaling $20,646,077.08 (excluding the damages assessed to the named plaintiffs), reflecting the greater of either (i) recission damages or (ii) reformation damages for each member of the Class;

(e) the Plaintiffs and Plaintiff Class are also entitled to an additional $250 per class member in damages stemming from Aliera's violation of the Consumer Protection Act;

(f) Accordingly, the total damages, including CPA damages, for Roslyn and Gerald Jackson is $12,582.00; for Dean Mellom is $3,692.00; and for Jon and Julie Perrin, is $7,607.92.  The Plaintiff Class, excluding the claims of the named plaintiffs, is awarded $21,352,827.08 ($20,646,077.08 in recission/reformation damages and $706,750 in CPA damages). Judgment shall and hereby is entered in these amounts.

4. Orders that Plaintiffs' counsel may petition for attorney fees and litigation costs pursuant to RCW 19.86.090 and *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).

DATED:  November 11, 2021.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE
ALIERA'S ANSWER AND ENTER DEFAULT JUDGMENT
ETC. – 3
[Case No. 2:19-cv-01281-BJR]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303  FAX (206) 223-0246

Presented by:

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC

_s/ Eleanor Hamburger_
Richard E. Spoonemore (WSBA #21833)
Eleanor Hamburger (WSBA #26478)
Email:  rspoonemore@sylaw.com
          ehamburger@sylaw.com

MYERS & COMPANY, PLLC

_s/ Michael David Myers_
Michael David Myers (WSBA #22486)
Samantha Lin (WSBA #50782)
1530 Eastlake Avenue East
Seattle, WA 98102
Tel. (206) 398-1188; Fax (206) 400-1115
Email:   mmyers@myers-company.com
           slin@myers-company.com

MEHRI & SKALET, PLLC

_s/ Jay Angoff_
Jay Angoff, _Pro Hac Vice_
Cyrus Mehri, _Pro Hac Vice_
1250 Connecticut Avenue, NW, Suite 300
Washington, DC  20036
Tel. (202) 822-5100
Email:   jangoff@findjustice.com
           cmehri@findjustice.com

Attorneys for Plaintiffs

ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE
ALIERA'S ANSWER AND ENTER DEFAULT JUDGMENT
ETC. – 4
[Case No. 2:19-cv-01281-BJR]

Debtor: The Aliera Companies Inc.                    Case Number: Not Available

**<u>Exhibit A</u>**

**Declarations**

Debtor: The Aliera Companies Inc.                    Case Number: Not Available

**<u>Sub-Exhibit A-1</u>**

**Declaration of Austin Willard**

Debtor: The Aliera Companies Inc.                    Case Number: Not Available

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| | )   Chapter 11 |
| THE ALIERA COMPANIES INC., | ) |
| | )   Case No. |
| Debtor. | ) |
| | ) |

## <u>DECLARATION OF AUSTIN WILLARD</u>

I, Austin Willard, in my individual capacity, state that:

1.      I and the other petitioners request that an order for relief be entered against The

Aliera Companies Inc. under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 –

1532.

2.      I am neither a corporation nor a foreign representative appointed in a foreign

proceeding.

3.      I have examined the information in the involuntary petition against The Aliera

Companies Inc. and have a reasonable belief that the information is true and correct.

4.      The following is the information that is required by Part 4 of Official Form 205:

| | |
|---|---|
| Petitioner's Name: | Austin Willard |
| Petitioner's Mailing Address: | c/o Sirianni Youtz Spoonemore Hamburger PLLC<br>3101 Western Avenue, Suite 350<br>Seattle, Washington 98121<br>Attn: Eleanor Hamburger, Esq. |

Debtor: The Aliera Companies Inc.                    Case Number: Not Available

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2021

/s/  *Austin Willard*

Austin Willard

Debtor: The Aliera Companies Inc.                                    Case Number: Not Available

**<u>Sub-Exhibit A-2</u>**

**Joint Declaration of Hanna Albina and Austin Willard**

Debtor: The Aliera Companies Inc.                          Case Number: Not Available

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Chapter 11 |
| THE ALIERA COMPANIES INC., | ) | |
| | ) | Case No. |
| Debtor. | ) | |
| | ) | |

## JOINT DECLARATION OF HANNA ALBINA AND AUSTIN WILLARD

We, Hanna Albina and Austin Willard, in our capacities as the representatives of the class comprising all persons who, while a Kentucky resident, purchased or were covered by a plan from The Aliera Companies Inc. and Sharity Ministries, Inc., which purported to be a "health care sharing ministry" (the "**Class**"), state that:

1. We, on the Class's behalf, and the other petitioners request that an order for relief be entered against The Aliera Companies Inc. under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532.

2. Neither of us is a corporation or a foreign representative appointed in a foreign proceeding.

3. We have examined the information in the involuntary petition against The Aliera Companies Inc. and have a reasonable belief that the information is true and correct.

4. The following is the information that is required by Part 4 of Official Form 205:



Debtor: The Aliera Companies Inc.                           Case Number: Not Available

Petitioners' Names:            Hanna Albina and Austin Willard, on behalf of all
                               persons who, while a Kentucky resident,
                               purchased or were covered by a plan from The
                               Aliera Companies Inc. and Sharity Ministries,
                               Inc., which purported to be a "health care sharing
                               ministry"

Petitioner's Mailing           c/o Sirianni Youtz Spoonemore Hamburger PLLC
Address:                       3101 Western Avenue, Suite 350
                               Seattle, Washington 98121
                               Attn: Eleanor Hamburger, Esq.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2021

/s/ _____

Hanna Albina
Representative of the Class

/s/ _Austin Willard_____

Austin Willard
Representative of the Class

Debtor: The Aliera Companies Inc.                    Case Number: Not Available

**<u>Sub-Exhibit A-3</u>**

**Declaration of Gerald Jackson**

Debtor: The Aliera Companies Inc.

Case Number: Not Available

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                         )
                                               )
THE ALIERA COMPANIES INC.,                     )     Chapter 11
                                               )     Case No.
              Debtor.[1]                       )
_____        )
                                               )

## <u>DECLARATION OF GERALD JACKSON</u>

I, Gerald Jackson, in my individual capacity, state that:

1.      I and the other petitioners request that an order for relief be entered against The Aliera Companies Inc. under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532.

2.      I am neither a corporation nor a foreign representative appointed in a foreign proceeding.

3.      I have examined the information in the involuntary petition against The Aliera Companies Inc. and have a reasonable belief that the information is true and correct.

4.      The following is the information that is required by Part 4 of Official Form 205:

Petitioner's Name:         Gerald Jackson

Petitioner's Mailing Address: c/o Sirianni Youtz Spoonemore Hamburger PLLC
                              3101 Western Avenue, Suite 350
                              Seattle, Washington 98121
                              Attn: Eleanor Hamburger, Esq.

---

[1]     The last four digits of the Debtor's federal taxpayer identification number are 9555. The address of the Debtor's principal office is 990 Hammond Drive, Suite 700, Atlanta, Georgia 30328.

Debtor: The Aliera Companies Inc.

Case Number: Not Available

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2021

/s/ *Gerald Jackson*
Gerald Jackson

Debtor: The Aliera Companies Inc.                    Case Number: Not Available

**<u>Sub-Exhibit A-4</u>**

**Declaration of Roslyn Jackson**

Debtor: The Aliera Companies Inc.

Case Number: Not Available

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE ALIERA COMPANIES INC., | ) | Chapter 11 |
| | ) | Case No. |
| Debtor.[1] | ) | |
| | ) | |

## <u>DECLARATION OF ROSLYN JACKSON</u>

I, Roslyn Jackson, in my individual capacity, state that:

1.      I and the other petitioners request that an order for relief be entered against The Aliera Companies Inc. under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532.

2.      I am neither a corporation nor a foreign representative appointed in a foreign proceeding.

3.      I have examined the information in the involuntary petition against The Aliera Companies Inc. and have a reasonable belief that the information is true and correct.

4.      The following is the information that is required by Part 4 of Official Form 205:

Petitioner's Name:          Roslyn Jackson

Petitioner's Mailing Address: c/o Sirianni Youtz Spoonemore Hamburger PLLC
3101 Western Avenue, Suite 350
Seattle, Washington 98121
Attn: Eleanor Hamburger, Esq.

---

[1]      The last four digits of the Debtor's federal taxpayer identification number are 9555. The address of the Debtor's principal office is 990 Hammond Drive, Suite 700, Atlanta, Georgia 30328.

Debtor: The Aliera Companies Inc.

Case Number: Not Available

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2021

/s/ _____

Roslyn Jackson

Debtor: The Aliera Companies Inc.                                    Case Number: Not Available

**<u>Sub-Exhibit A-5</u>**

**Declaration of Dean Mellom**

Debtor: The Aliera Companies Inc.                           Case Number: Not Available

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| THE ALIERA COMPANIES INC., | ) | Case No. |
| | ) | |
| Debtor.[1] | ) | |
| ———————————————— | ) | |

## <u>DECLARATION OF DEAN MELLOM</u>

I, Dean Mellom, in my individual capacity, state that:

1.      I and the other petitioners request that an order for relief be entered against The

Aliera Companies Inc. under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532.

2.      I am neither a corporation nor a foreign representative appointed in a foreign

proceeding.

3.      I have examined the information in the involuntary petition against The Aliera

Companies Inc. and have a reasonable belief that the information is true and correct.

4.      The following is the information that is required by Part 4 of Official Form 205:

Petitioner's Name:          Dean Mellom

Petitioner's Mailing Address:   c/o Sirianni Youtz Spoonemore Hamburger PLLC
3101 Western Avenue, Suite 350
Seattle, Washington 98121
Attn: Eleanor Hamburger, Esq.

---

[1]   The last four digits of the Debtor's federal taxpayer identification number are 9555. The address of the Debtor's principal office is 990 Hammond Drive, Suite 700, Atlanta, Georgia 30328.

Debtor: The Aliera Companies Inc.                                      Case Number: Not Available

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2021

DEAN MELLOM

/s/   Dean Mellom

Dean Mellom

Debtor: The Aliera Companies Inc.                                    Case Number: Not Available

**<u>Sub-Exhibit A-6</u>**

**Joint Declaration of Gerald Jackson, Roslyn Jackson, and Dean Mellom**

Debtor: The Aliera Companies Inc.                          Case Number: Not Available

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE ALIERA COMPANIES INC., | ) | Chapter 11 |
| | ) | Case No. |
| Debtor.[1] | ) | |
| | ) | |

**JOINT DECLARATION OF GERALD JACKSON, ROSLYN JACKSON,**
**AND DEAN MELLOM**

We, Gerald Jackson, Roslyn Jackson, and Dean Mellom, in our capacities as representatives of the class comprising all Washington residents who acquired plans from or through The Aliera Companies Inc., Aliera Healthcare, Inc., and Sharity Ministries, Inc. or any of those entities' subsidiaries that purported to be "health care sharing ministry" plans at any time from June 27, 2018 to July 8, 2021 (the "**Class**"), state that:

1.      We, on the Class's behalf, and the other petitioners request that an order for relief be entered against The Aliera Companies Inc. under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532.

2.      None of us is a corporation or a foreign representative appointed in a foreign proceeding.

3.      We have examined the information in the involuntary petition against The Aliera Companies Inc. and have a reasonable belief that the information is true and correct.

4.      The following is the information that is required by Part 4 of Official Form 205:

---

[1]     The last four digits of the Debtor's federal taxpayer identification number are 9555. The address of the Debtor's principal office is 990 Hammond Drive, Suite 700, Atlanta, Georgia 30328.

Debtor: The Aliera Companies Inc.

Case Number: Not Available

Petitioners' Names:

Gerald Jackson, Roslyn Jackson, and Dean Mellom, on behalf of all Washington residents who acquired plans from or through The Aliera Companies Inc., Aliera Healthcare, Inc., and Sharity Ministries, Inc. or any of those entities' subsidiaries that purported to be "health care sharing ministry" plans at any time from June 27, 2018 to July 8, 2021

Petitioners' Mailing Address: c/o Sirianni Youtz Spoonemore Hamburger PLLC
3101 Western Avenue, Suite 350
Seattle, Washington 98121
Attn: Eleanor Hamburger, Esq.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2021

/s/

Gerald Jackson
Representative of the Class

/s/

Roslyn Jackson
Representative of the Class

/s/

Dean Mellom
Representative of the Class

Debtor: The Aliera Companies Inc.                                    Case Number: Not Available

Petitioners' Names:          Gerald Jackson, Roslyn Jackson, and Dean Mellom,
                             on behalf of all Washington residents who acquired
                             plans from or through The Aliera Companies Inc.,
                             Aliera Healthcare, Inc., and Sharity Ministries, Inc.
                             or any of those entities' subsidiaries that purported
                             to be "health care sharing ministry" plans at any
                             time from June 27, 2018 to July 8, 2021

Petitioners' Mailing Address: c/o Sirianni Youtz Spoonemore Hamburger PLLC
                             3101 Western Avenue, Suite 350
                             Seattle, Washington 98121
                             Attn: Eleanor Hamburger, Esq.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2021

                    /s/
                    _____
                    Gerald Jackson
                    Representative of the Class

                    /s/
                    _____
                    Roslyn Jackson
                    Representative of the Class

                    /s/
                    Dean Mellom
                    Representative of the Class